UNITED STATES, Appellee

v

ROBERT E. OCAMB, Seaman, U. S. Navy, Appellant

12 USCMA 492, 31 CMR 78

No. 15,074

November 3, 1961

*Captain John P. Gibbons,* USN, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel R. G. Coyne,* USMC.

*Lieutenant John W. Boult,* USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel L. W. Martin,* USMC.

## Opinion of the Court

QUINN, Chief Judge:

The accused challenges the sufficiency of the evidence to support the findings of guilty by a special court-martial of two specifications of larceny. Each specification alleges the theft of a radio of a value less than $20.00. The principal issue is whether the accused was sufficiently identified as the person who pawned the stolen articles in a local pawn shop.

The pawn shop records which were admitted into evidence show that on separate occasions a radio was pawned by a person who signed his name as "Robert E. Ocamb" and gave his service serial number as 4817910. Each entry also had a fingerprint which was made by the person pawning the article. The print was never identified as belonging to the accused. Nor did the shop owner identify the person shown on the records as the accused.

Yeoman Padilla, however, testified that he had previously "witnessed the signature of the accused." He said the signature on one of the two pawn shop records was "to the best of . . . [his] knowledge" that of the accused; and he "believe[d]" the signature on the second record was also the accused's.

A witness is competent to testify to the signature of another if he has previously seen him sign his name. Manual for Courts-Martial, United States, 1951, paragraph 143*b*, page 260. The witness need not be absolutely positive in his identification; it is sufficient if he "believes" the signature is that of the person charged with making it. Wigmore, Evidence, 3d ed, § 698; see also United States v Hurt, 9 USCMA 735, 774, 27 CMR 3. Padilla's testi-

mony, therefore, is sufficient to connect the accused with possession of the stolen articles. Unexplained and exclusive possession of recently stolen property justifies an inference that the possessor is the thief. United States v Hairston, 9 USCMA 554, 26 CMR 334. Thus, the evidence, and the permissible inferences therefrom, substantially support the findings of guilty.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.