UNITED STATES, Appellant

v

JOHN F. CARSON, Jr., Private, U. S. Army, Appellee

15 USCMA 407, 35 CMR 379

No. 18,277

May 28, 1965

*Captain Joseph H. Crosby* argued the cause for Appellant, United States. With him on the brief were *Colonel Edwin G. Schuck* and *Lieutenant Colonel Francis M. Cooper.*

*Lieutenant Colonel Jacob Hagopian* argued the cause for Appellee, Accused. With him on the brief was *Colonel Joseph L. Chalk.*

## Opinion of the Court

QUINN, Chief Judge:

A general court-martial at Fort Bragg, North Carolina, convicted the accused of escape from correctional custody, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, and imposed a sentence which included a dishonorable discharge. On review, a divided board of review set aside the conviction, and ordered a rehearing, on the ground the law officer improperly instructed the court-martial on the elements of the offense. The Judge Advocate General of the Army forwarded the record of trial to this Court, under the provisions of Article 67(b)(2) of the Code, supra, 10 USC § 867, to consider the following issue:

Was the board of review correct in holding that prejudice to the substantial rights of the accused resulted from the law officer's failure to instruct the court that they must find beyond a reasonable doubt that the accused was duly placed in correctional custody?

Administering disciplinary punishment under Article 15 of the Code, supra, 10 USC § 815, for two unauthorized absences, the accused's battle

**407**

group commander ordered him into correctional custody for fifteen days. Various moderate restraints of the accused's freedom of movement were ineffectual and, eventually, he was placed in a locked room on the third floor of the company barracks. He escaped.

At trial, the accused testified in his own behalf. He admitted he was "confined" in a room on the third floor, but said nothing about the escape. However, the Government had introduced an abundance of evidence to show the imposition of Article 15 punishment; the accused's physical restraint in accordance therewith; and the accused's escape during the period of correctional custody. Instructing on the elements of the offense, the law officer advised the court-martial it must find beyond a reasonable doubt the following:

"First, that the accused was undergoing punishment of correctional custody, as alleged;

"Second, that the accused knew that he was undergoing the punishment of correctional custody;

"Third, that, at Fort Bragg, North Carolina, on or about 29 May 1964, the accused freed himself from the restraint of his correctional custody before he had been released from said correctional custody by proper authority, and;

"Fourth, that under the circumstances the conduct of the accused was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces."

The board of review concluded the instructions were prejudicially deficient because they did not require the court-martial to find the accused was "*duly* undergoing correctional custody." (Emphasis supplied.) The assumptions implicit in the accused's testimony can be interpreted as a judicial admission, not only of the fact of custody, but of the legitimacy of its imposition. Defense counsel's argument emphasizes this effect of the accused's testimony.

In part, he said: "We maintain that the prosecution has *failed to prove one of the essential elements* of a violation of correctional custody. Was this correctional custody properly *administered in this situation?* We maintain that it was not."[1] (Emphasis supplied.) The judicial admission of an essential element of an offense eliminates the harm that would otherwise result from a failure to instruct the court-martial on the necessity of finding that element. See United States v Johnson, 15 USCMA 384, 35 CMR 356. However, the board of review apparently gave the accused the benefit of the doubt. We cannot do less. Consequently, we turn directly to the issue which divided the board of review.

From its opinion, it appears the board of review used the word "duly" as meaning adherence to legal requirements, rather than the observance of mere form. See Black's Law Dictionary, 4th ed., at page 591. In fact, at several places in its opinion, the board of review used the word interchangeably with "legal." Whether an act comports with law, that is, whether it is legal or illegal, is a question of law, not an issue of fact for determination by the triers of fact. For example, in a prosecution for disobedience of an order, in violation of Article 92, Code, supra, 10 USC § 892, the court-martial must determine whether the order was given to the accused, but it may not consider whether the order was legal or illegal in relation to a constitutional or statutory right of the accused. United States v Jordan, 8 USCMA 339, 24 CMR 149; United States v Voorhees, 4 USCMA 509, 16 CMR 83; see also Dennis v United States, 341 US 494, 512–514, 95 L ed 1137, 71 S Ct 857 (1951), rehearing denied, 342 US 842, 96 L ed 636, 72 S Ct 20 (1951); United States v Grady, 225 F2d 410, 416 (CA 7th Cir) (1955), cert den, 350 US 896, 100 L ed 788, 76 S Ct 155 (1955). In a prosecution for escape, the court-martial must decide the factual issue of

---

[1] As to whether intolerable conditions of confinement affecting safety or life may justify an escape, see Dempsey v United States, 283 F2d 934 (CA5th Cir) (1960); cf. United States v Broy, 14 USCMA 419, 34 CMR 199.

whether the accused was under physical restraint; but whether the restraint had been imposed in violation of law is a question of law beyond its competency. United States v Gray, 6 USCMA 615, 20 CMR 331. See also United States v Kinsman, 195 F Supp 271 (SD Cal) (1961). Since, in deciding guilt or innocence, a court-martial is concerned only with determining questions of fact, it would be wrong and misleading to instruct that it must find beyond a reasonable doubt that the accused was "duly," that is, "legally," placed in correctional custody. This is not to say the court-martial will never be concerned with a factual issue related to the legality of the restraint. If, for example, there is an issue as to whether the person who imposed correctional custody actually occupied a position empowered to prescribe such disciplinary punishment under Article 15, that question of fact may be submitted to the court-martial. In United States v Ornelas, 2 USCMA 96, 101, 6 CMR 96, we referred to the difference between factual and legal issues as follows:

". . . [W]here an accused raises a defense or objection which should properly be considered by the court in its determination of guilt or innocence, and which resolves itself into a question of fact, that issue must be presented to and decided by the court pursuant to appropriate instructions. But where the issue is purely interlocutory or raises solely a question of law, it is within the sole cognizance of the law officer."

The law officer's instructions properly required the court-martial to find that the accused was actually undergoing correctional custody. There was no factual issue as to the authority of the officer who imposed the punishment upon him. Consequently, it would be meaningless to instruct that the court-martial must determine the accused was legally or, as the board of review phrased it, "duly" undergoing punishment of correctional custody. See United States v Hangsleben, 8 USCMA 320, 24 CMR 130.

The certified question is answered in the negative. The decision of the board of review is reversed and the record of trial is returned to it, for consideration of the sentence.[2]

Judges FERGUSON and KILDAY concur.

[2] While the case was pending review under The Judge Advocate General's certificate, the accused petitioned this Court for grant of review on other assignments of error considered by the board of review which dealt with the findings of guilty. The petition was denied February 24, 1965. However, in view of its action, the board of review did not consider the accused's application for modification of the sentence.