UNITED STATES, Appellee,

v.

Willie J. WILSON, Specialist Four, U. S. Army, Appellant.

No. 35,256.

CM 435395.

U. S. Court of Military Appeals.

Feb. 20, 1979.

Appearances: For Appellant—*Captain James J. Parwulski* (argued); *Colonel Robert B. Clarke* (on brief); *Colonel Edward S. Adamkewicz, Jr.; Major Benjamin A. Sims* (on brief); *Captain D. David Hostler* (on brief); *Captain Michael P. LaHaye* (on brief).

For Appellee—*Captain Landon P. Snell, III* (argued); *Colonel Thomas H. Davis* (on brief); *Lieutenant Colonel R. R. Boller; Captain Laurence M. Huffman* (on brief).

Opinion of the Court

FLETCHER, Chief Judge:

Following the affirmance of his case by Memorandum Opinion of the United States Army Court of Military Review, the appellant successfully petitioned this Court for further examination of the sufficiency of the evidence as a matter of law to support the conviction of possession of heroin. We find the evidence of record sufficient to support this conviction. We further affirm the lower court in determination that at the time of his attempted escape the appellant was under lawful arrest.

As we examine the record of trial pertaining to the merits portion of the prosecution's case, we observe *some* competent evidence allowing the trier of fact to determine beyond a reasonable doubt that the appellant, on the alleged day, was in possession of heroin; or that, stated differently, the evidence proved each element of the

offense. We will not override our judicial philosophy obviating a reevaluation of the facts where demonstrated evidence of record supports factual determinations made at the trial level and affirmed by the Court of Military Review. *United States v. Judd*, 10 U.S.C.M.A. 113, 27 C.M.R. 187 (1959). *See United States v. Brown*, 3 M.J. 402 (C.M.A.1977) (Fletcher, C. J., dissenting); *United States v. Lowry*, 2 M.J. 55 (C.M.A. 1976). Our standard for appellate review of sufficiency of the evidence questions was succinctly summarized by Judge Ferguson in *United States v. Papenheim*, 19 U.S.C. M.A. 203, 205, 41 C.M.R. 203, 205 (1970):

> The test to be applied in determining the sufficiency of the evidence is whether there is, in the record, some competent evidence from which the members of the court-martial were entitled to find beyond a reasonable doubt, the existence of every element of the offense charged. [Citations omitted.]

The Government urges that the circumstantial evidence of appellant's possession of the contraband was strong; that it met and surpassed the *Papenheim* standard. We agree.

A second question, specified by the Court, was whether at the time he ran and attempted to escape, the appellant was under lawful arrest. Admittedly, this question is broadly framed. It is directly related to the admissibility of the heroin for the possession offense and the sufficiency of evidence as to the attempted resisting apprehension offense. We believe that we need not decide the question, for the reasons stated below.

■ To meet the test of a lawful arrest under Article 7, Uniform Code of Military Justice, 10 U.S.C. § 807, there are two prerequisites: first, that the person making the apprehension is authorized under service regulations to apprehend; and second, "reasonable belief that an offense has been committed and that the person apprehended committed it." Appellant alleges no problem with the first element.

The second element gives rise, in the definition of "reasonable belief," to two additional questions:

(a) were there circumstances tending to prove the reliability of the informant, and

(b) were there circumstances demonstrating that a crime had been committed and that the person apprehended committed the crime.[1]

■ The record discloses no information concerning the informant. However, there was no challenge by the civilian defense counsel regarding the reliability of the informant, going to the admissibility of the heroin.[2] Moreover, there was no motion for a finding of not guilty on the basis of the failure of the Government to establish the lawfulness of the arrest. Paragraph 71*a*, Manual for Courts-Martial, United States, 1969 (Revised edition). We will not conjecture as to counsel's trial strategy.

Waiver falls within two general categories: a failure to act through timely objection or motion; or a step is taken which reveals an expressed waiver. We are not concerned with the latter. The former, which creates a negative, results in an incomplete record. Where the objection or motion is not lodged, we cannot ascertain from the record of trial if the arrest might be found illegal. That the record is insufficient for determination of the specified issue precludes any such claim of prejudice on appeal.[3] Since the evidence of record unchallenged at trial provides some competent evidence that the arrest was lawful, this finding of guilty must stand. *See Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

---

1. *United States v. Llano*, 23 U.S.C.M.A. 129, 48 C.M.R. 690 (1974); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

2. *United States v. Hendrix*, 21 U.S.C.M.A. 412, 45 C.M.R. 186 (1972); *United States v. Webb*, 10 U.S.C.M.A. 422, 27 C.M.R. 496 (1959).

3. *United States v. Graves*, 1 M.J. 50, 53 (C.M.A. 1975); *United States v. Dupree*, 1 U.S.C.M.A. 665, 5 C.M.R. 93 (1952).

The decision of the United States Army Court of Military Review is affirmed.

Judge COOK concurs.

PERRY, Judge (dissenting):

Appealing his general court-martial conviction for possession of heroin and for attempted escape from custody,[1] the appellant contends that the evidence is insufficient as a matter of law to support the possession conviction, and that at the time he attempted to escape he was not under lawful arrest, thereby rendering the attempted escape conviction invalid. While I agree with the majority that the evidence is sufficient to support the conviction for possession of heroin, I disagree that the Government carried its required burden to show a lawful arrest as a predicate to the attempted escape prosecution. I, therefore, dissent from that portion of the opinion which affirms the appellant's conviction for attempted escape from custody.

I.

The record reflects that on the morning of June 22, 1976, Special Agent Smith of the Army Criminal Investigation Department (CID) received information from a confidential informant that a person named Wilson, wearing blue pants and a dark-colored flowery shirt, would enter Camp Eschborn, Germany, prior to morning formation with a quantity of heroin on his person. Smith proceeded to the camp entrance where he made contact with two military policemen whom he had arranged to meet there. He inquired of the gate guards whether anyone meeting the suspect's description had passed through that morning, to which he received a negative reply. Positioning his automobile near the outside of the gate, Smith raised his car's hood so it would appear he was checking the engine, and waited. Shortly thereafter, he saw a person (the appellant) matching the description given him by the informant approaching on foot. The appellant passed by Smith and continued toward the gate. At that point, Smith yelled, "Wilson," and the appellant turned around. Smith revealed, "It's the CID," and advised the person, "You're under apprehension." Smith told appellant to get on the ground. The appellant responded by lying on his stomach with his hands out on the ground. Smith approached. He was in the process of returning his weapon, which he had drawn at some point, to the waistband of his trousers, when the appellant jumped up and scuffled with Smith, knocking Smith's glasses off in the process. The appellant ran approximately 100 yards along the camp's fence, then turned away from the camp into a wheat field. Approximately 25 feet into the field, the appellant again was apprehended and was handcuffed. A search of the appellant was fruitless. However, during a subsequent search of the path taken during the flight, a packet of heroin was found about halfway along the path in the wheat field, about 18 inches to the left.

At the appellant's trial, Agent Smith recounted the substance of the tip, which testimony is reflected above. No objection was made by defense counsel regarding Smith's probable cause to apprehend the appellant on the basis of the tip, either by way of objecting to the heroin being admitted into evidence or by way of a motion for a finding of not guilty of the escape charge.[2] Instead, the defense counsel's trial strategy was limited to attacking the link between his client and the packet of heroin found in the field—in other words, to question the sufficiency of the evidence. This failure of defense counsel to somehow question Smith's legal basis for apprehending the appellant is seen by the majority as fatal to raising it on appeal. I disagree.

1. Articles 134 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 880, respectively. The appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 20 months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the findings and the sentence and the U.S. Army Court of Military Review affirmed.

2. Paragraph 71a, Manual for Courts-Martial, United States, 1969 (Revised edition).

## II.

It is well settled that an essential element of a charged violation of Article 95 [3] is that the apprehension, arrest, or escape was lawful. *United States v. Rozier*, 1 M.J. 469 (C.M.A.1976). For an apprehension and for custody imposed thereby to be lawful,[4] two ingredients must be present. First, the arresting officer must have had the authority to apprehend. *See* Article 7, Uniform Code of Military Justice, 10 U.S.C. § 807; *United States v. Carson*, 15 U.S.C.M.A. 407, 35 C.M.R. 379 (1965). In this case, there is no contention that Agent Smith lacked such authority. Second, the arresting officer must have had probable cause to apprehend. It is on this ground that the appellant lodges his objection.

Probable cause exists when "the facts and circumstances within [the arresting officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense. *Brinegar v. United States*, 338 U.S. 160, 175–176 [69 S.Ct. 1302, 93 L.Ed. 1879]; *Henry v. United States*, 361 U.S. 98, 102 [80 S.Ct. 168, 4 L.Ed.2d 134] . . . ." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). *See* Article 7, *supra.* Where this probable cause is supplied by hearsay, the Constitution requires that there be a "credible" informant or "reliable" information,

and that there appear the "underlying circumstances" upon which the informant based his or her factual conclusions.[5] *Aguilar v. Texas*, 378 U.S. 108, 114–15, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). *See United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *United States v. Scarborough*, 23 U.S.C.M.A. 51, 48 C.M.R. 522 (1974). Mere conclusions on behalf of the arresting officer of credibility and reliability are not enough. *Giordenello v. United States*, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).[6]

However, where the informant's tip is inadequate, other information known to or learned by the officer can be used to corroborate the tip to elevate it to the level of satisfying both branches of *Aguilar*. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Notwithstanding, such additional information must be corroborative of the fact that the arrestee has committed or is in the process of committing a crime. *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). In other words, the corroboration must be of an incriminating nature, not merely of neutral, innocent facts. *United States v. Craemer*, 555 F.2d 594 (6th Cir. 1977); *United States v. Mayes*, 552 F.2d 729 (6th Cir. 1977); *United States v. Jackson*, 533 F.2d 314 (6th Cir. 1976); *United States v. Jordon*, 530 F.2d 722 (6th Cir. 1976);

3. "Any person subject to this chapter who resists apprehension or breaks arrest or who escapes from custody or confinement shall be punished as a court-martial may direct." Article 95, U.C.M.J., 10 U.S.C. § 895. We are concerned with the elements of an offense under this article, for it is this proscription which the appellant is charged with having attempted to violate.

4. Though it is escape from *custody* which the appellant is charged with having attempted, we initially are concerned with the lawfulness of the *apprehension* leading to it, since the apprehension must have been lawful for the custody to have been lawful. *United States v. Rozier*, 1 M.J. 469 (C.M.A.1976).

5. Even where it does not appear precisely *how* the informant has gathered the information, if the information is of minute, painstaking detail, it is possible to reasonably infer from such a plethora of detail that the informant had gath-

ered the information in a reliable, trustworthy fashion. *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). *See Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

6. Though the Court in *Giordenello* was construing probable cause as required in Federal Rule of Criminal Procedure 4, it did so "in light of the constitutional" requirement of probable cause which the Rule implemented. *Giordenello v. United States*, 357 U.S. 480, 485, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). Thus, the case resolves principles of the Fourth Amendment and is not disposed of under the Supreme Court's supervisory powers. *Aguilar v. Texas*, 378 U.S. 108, 112 n. 3, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); and at 116, 84 S.Ct. 1509 (Harlan, J., concurring).

*United States v. Larkin*, 510 F.2d 13 (9th Cir. 1974); *United States v. McNally*, 473 F.2d 934 (3d Cir. 1973).

Under the foregoing guidelines, the facts of this case are severely deficient. There appears on the record no information regarding the credibility of the informant or the reliability of the information. Moreover, Agent Smith revealed none of the underlying circumstances of how his informant knew the appellant would have the heroin at the time and place indicated. And any purported "corroboration" was wholly inadequate. At the moment of the apprehension, all that Smith could corroborate was that a person reacting to the name "Wilson" and wearing the clothes described entered the camp's gate before the morning formation. Nothing in the record suggests that any of this was in the least unusual, to say nothing of incriminating.

### III.

The majority places determinative weight on the failure of the trial defense counsel to challenge in some fashion the lawfulness of the arrest. But care must be taken to distinguish between situations where a lawful arrest supports the admissibility of an item of evidence and situations where the lawfulness of an arrest is an essential element of a charged offense. In the former, proffered evidence which is competent on its face is admissible unless the defense objects. Therefore, I am not here concerned with the admissibility of the heroin. Without defense objection, any infirmity with the admissibility of evidence was waived.

However, it is quite another matter when, as in the instant case, the lawfulness of the arrest is an element of an offense, such as the escape. The absolute burden is on the prosecution as to each and all elements of a charged offense. *United States v. Verdi*, 5 M.J. 330 (C.M.A.1978); *Patter-*

*son v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). This burden *never* shifts to the accused. *Id.* Thus, any motion for acquittal, while permitted to be made expressly,[7] is always there impliedly, for unless the prosecution presents some competent evidence to sustain its burden on each element, the evidence is legally insufficient,[8] and it is incumbent upon the judge to recognize the legal deficiency *sua sponte. See United States v. Graves*, 1 M.J. 50 (C.M.A.1975). To rely, as my Brothers do, upon the appellant's failure during the trial to attack the lawfulness of the arrest, is to permit the Government to prove its case by default instead of by "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship, supra*, 397 U.S. at 364, 90 S.Ct. at 1073. Unexplainably, this is exactly what the majority does. I cannot join them in such a flagrant denial of due process. *In re Winship, supra.*

### IV.

The majority's conclusion that "the evidence of record unchallenged at trial provides some competent evidence that the arrest was lawful" must yield to thoughtful legal analysis. The apprehension was not lawful if there was no probable cause to apprehend; there was no probable cause unless the tip purportedly supporting such probable cause was furnished by a credible informant or unless the tip contained reliable information, and unless there appeared the factual basis for the informant's conclusion. The record is graphically void of any such detail, without which it cannot be said that the requisite "competent evidence" exists.[9] The conviction for escape from custody, then, based as it was upon an apprehen-

---

7. *See* footnote 2, *supra.*

8. *See United States v. Lowry*, 2 M.J. 55 (C.M.A. 1976); *United States v. Papenheim*, 19 U.S.C. M.A. 203, 41 C.M.R. 203 (1970).

9. Probable cause to arrest is a question of law to be resolved finally by the judge. *See, United States v. Carson*, 15 U.S.C.M.A. 407, 35 C.M.R. 379 (1965); *United States v. McKim*, 509 F.2d 769 (5th Cir. 1975). It normally arises in the

sion whose lawfulness was not demonstrated as required, cannot stand. *See United States v. McKim,* 509 F.2d 769 (5th Cir. 1975).

context of an objection to evidence obtained pursuant to the arrest. However, in the peculiar context of a charged escape from custody or resistance of apprehension, probable cause *to arrest takes on factual overtones as well.* Nonetheless, the tension between the two notions—that probable cause is a question of law for the judge to resolve, and that essential elements are for the jury to determine beyond a reasonable doubt—are not irreconcilable. The fact that probable cause is a question of law simply means that the judge is the authority to determine it, but in a peculiar case like the one at bar, where it also underlies an essential element of a charged offense, it must be found beyond a reasonable doubt from evidence furnished by the Government. *See United States v. McKim, supra.*