**UNITED STATES**

v.

**Derek C. GAINER, 262 31 1125, Private First Class (E–2), U. S. Marine Corps.**

**NCM 79 0583.**

U. S. Navy Court of Military Review.

Sentenced Adjudged 2 Nov. 1978.

Decided 13 Sept. 1979.

CAPT Allan H. Meltzer, USMCR, Appellate Defense Counsel.

LT Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before BAUM, PRICE and MICHEL, JJ.

MICHEL, Judge:

Pursuant to his pleas, appellant was found guilty of two periods of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ).[1] Contrary to his pleas, he was found guilty of larceny of an automobile belonging to another enlisted Marine in violation of Article 121, UCMJ.[2] He was sentenced by a special court-martial military judge to be reduced to pay grade E–1, to be confined at hard labor for a period of 5 months, to forfeit $275.00 pay per month for a period of 6 months, and to be discharged from the U. S. Marine Corps with a bad-conduct discharge. That sentence reaches us unaltered by the reviewing authorities below.

At trial, appellant's defense counsel challenged, via a motion to dismiss, the larceny allegation in that it failed to allege subject matter jurisdiction[3] over that offense. The military judge chose to have evidence and argument presented on the motion prior to

---

1. 10 U.S.C. § 886.

2. 10 U.S.C. § 941.

3. The defense contended that the specification under attack failed to assert a sufficient basis for the establishment of subject matter jurisdic-

tion, see *United States v. Alef*, 3 M.J. 414 (C.M. A.1977), and that the court-martial was in fact without jurisdiction to try appellant for this offense. *See O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); *United States v. McCarthy*, 2 M.J. 26 (C.M.A.1976).

receiving appellant's pleas to the allegation. The facts developed at this stage of trial are essentially not in dispute.

It appears that on 30 March 1978, on board Camp Lejeune, North Carolina, appellant entered into an agreement with Corporal K, a member of appellant's unit, which involved appellant's use of Corporal K's automobile. According to the terms of the arrangement Corporal K, in return for $30.00 paid to him by appellant in advance, permitted appellant to use his automobile in and around the Jacksonville, North Carolina area, provided, however, that it was expressly understood and agreed by the parties that the automobile would be returned to Corporal K at or before 1200 hours the following day. On 31 March 1978, appellant utilized this vehicle to move his personal and military gear from one location on the military installation to another. Later that same day, at approximately 1100 hours, appellant, then in possession of his emergency leave papers, departed Camp Lejeune in Corporal K's automobile.

Appellant contended at trial that he drove the automobile to the Jacksonville, North Carolina airport where he attempted to buy a ticket for a commercial flight to Florida leaving later that day. It was his further assertion that only after ascertaining that he could not secure the desired air transportation that evening did he decide to drive the automobile to Florida. The automobile was ultimately recovered by the owner in Saint Augustine, where it had been impounded at the direction of local police authorities. Essentially, then, the defense theory which provided the foundation for its motion to dismiss was that, since appellant's felonious intent, if there was such, was formed off base, jurisdiction over the offense could not therefore properly be had by court-martial. While this premise might be correct as respects a larceny offense in general and the instant offense in particular, *see e. g., United States v. Sims*, 2 M.J. 109 (C.M.A.1977), since the larceny, if it occurred according to appellant's version, would have occurred off base, *see* paragraph 200a (6), *Manual for Courts-Martial, 1969 (Rev.)* (MCM), we nonetheless find that such a result does not obtain here.

▬▬▬ The military judge, in ruling upon appellant's trial motion, held that the pleadings satisfied the end sought by our judicial superiors in *United States v. Alef, supra*, and we see no reason to find error in that determination. *See United States v. Blake*, 6 M.J. 690 (N.C.M.R.1978), *pet. for review denied*, 6 M.J. 162 (C.M.A.1979). The military judge however, reserved his ruling on that portion of appellant's trial motion dealing with the factual aspect of jurisdiction until completion of the case on its merits. This was proper. *See* paragraph 67e, MCM, 1969 (Rev.). Ultimately, the military judge rule adversely to appellant in the premises, finding specifically, by way of special findings entered at defense request prior to the entry of general findings, *see* paragraph 74i, MCM, 1969 (Rev.), that appellant formed the intent to permanently deprive Corporal K of the use and benefit of his automobile while on base at or about 1100 hours on 31 March 1978. We perceive no basis for the alteration of this determination. *Cf. United States v. Wilson*, 6 M.J. 214 (C.M.A.1979). Since this was at the time that appellant had possession of the automobile and was in the process of driving it from Camp Lejeune to the adjacent civilian community, the exercise of dominion and control over the automobile by appellant, and his unlawful intent, combined to complete the charged offense as a wrongful withholding variety of larceny. *Cf. United States v. Greenfeather*, 13 U.S.C.M.A. 151, 32 C.M.R. 151 (1962); *United States v. McFarland*, 8 U.S.C.M.A. 42, 23 C.M.R. 266 (1957); *United States v. Valencia*, 1 U.S.C.M.A. 415, 4 C.M.R. 7 (1952). Left for resolution is the correctness of the trial judge's ruling that jurisdiction was vested in the trial forum.

▬▬▬ We have scrutinized the record, ascertained the facts proven by the evidence, and have applied to those facts that methodology heretofore supplied to us for the analysis of like issues. *See United States v. Moore*, 1 M.J. 448 (C.M.A.1976). That analysis convinces us that appellant was proper-

ly tried by court-martial for the larceny offense. *See United States v. Wren,* 7 M.J. 744 (A.F.C.M.R.1979).

Accordingly, the findings and sentence, as approved below, are affirmed.

Judge PRICE concurs.

Senior Judge BAUM (Absent).