UNITED STATES

v.

**Airman William N. MYERS, Jr., FR 262–79–3441 United States Air Force.**

**ACM S25537.**

U. S. Air Force Court of Military Review.

30 July 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Willard K. Lockwood.

Appellate Counsel for the Government: Lieutenant Colonel Bruce R. Houston and Captain Harvey A. Kornstein, USAFR.

Before HODGSON, Chief Judge, and POWELL and MILLER, Appellate Military Judges.

HODGSON, Chief Judge:

Tried by special court-martial with members, the accused was convicted, pursuant to his pleas, of wrongfully transferring marijuana, and despite his pleas, of wrongfully using marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad conduct discharge, payment to the United States a fine of $500.00, and reduction to airman basic. For reasons hereinafter stated a rehearing on the sentence is ordered.

I

Initially, appellate defense counsel urge that the evidence was insufficient to support the conviction for wrongfully using marijuana. The Government's case rested on the testimony of Special Agent Bowling, an undercover agent with the Office of Special Investigations (OSI). He saw the accused put a marijuana cigarette to his mouth, inhale deeply and a few seconds later exhale. From experience and training he recognized the odor of burning marijuana coming from the cigarette. In explanation the accused maintained he just placed the marijuana cigarette to his lips, but did not inhale. He "simulated" the use of marijuana to be like everyone else, but had never smoked it because it made him sick. Since he vehemently denied having inhaled the smoke, and gave a plausible reason for his actions, the accused argues that his guilt has not been established beyond a reasonable doubt.

The test to be applied in determining the sufficiency of evidence is whether

there is, on the record, some competent evidence from which the court could find, beyond a reasonable doubt, the existence of every element of the offense charged. *United States v. Taylor,* 21 U.S.C.M.A. 220, 44 C.M.R. 274 (1972); *United States v. Papenheim,* 19 U.S.C.M.A. 203, 41 C.M.R. 203 (1970).

■ The factual dispute of whether the accused "simulated" the use of marijuana or used it in the manner described by Bowling was resolved by the guilty finding. His denial that he inhaled the marijuana smoke is a question for the fact finders. Weighing all the evidence and giving proper consideration to those who saw and heard the witnesses, we find the evidence established the accused's guilt beyond a reasonable doubt. Article 66(c), *Code,* 10 U.S.C. § 866(c), *supra; United States v. Young,* 12 M.J. 991 (A.F.C.M.R.1982).

## II

During sentencing, the defense offered extensive testimony as to the accused's potential for rehabilitation and retention in the service. The accused, in an unsworn statement, also asked to be retained.

■ At the close of the defense's presentation, the military judge, at the trial counsel's request and over the accused's objection, took judicial notice of paragraph 3–1, Air Force Regulation 30–2, Drug and Alcohol Abuse Control Program, dated 22 June 1981, which reads:

3–1. BASIC CONCEPT. The Air Force Drug and Alcohol Abuse Control Program has two main goals: to discourage all drug abuse, including the abuse of alcohol, and to keep the adverse consequences to the Air Force and the individual to a minimum when abuse does occur. This chapter provides the policies and procedures for administering the program. Consider the basic concepts below when implementing the program:

\* \* \* \* \* \*

c. Drug and alcohol abuse cases must receive prompt evaluation and disposition.

(1) Rehabilitation is reserved for those with bona fide drug or alcohol abuse problems.

(2) Those whose use represents only a disciplinary problem should be punished, educated, and returned to duty quickly, as appropriate.

(3) Repeat offenders, traffickers, addicts, and those who do not respond favorably to rehabilitation should be considered for appropriate separation action as soon as possible.

The paragraph was read to the court. The trial counsel, in his sentence argument, referred to the "United States policy ... with respect to traffickers in marijuana." He suggested that a sentence which included a punitive discharge would be appropriate.

Appellate Government counsel concede that Air Force policy guidelines should not be given court members during a trial either before findings or sentence, but contend that no prejudice resulted since the paragraph cited provided "even-handed guidelines."

We disagree, for in this case the prejudice is apparent. *Cf. United States v. Ward,* 35 C.M.R. 834 (A.F.B.R.1963). Judge Ferguson in *United States v. Fowle,* 7 U.S.C.M.A. 349, 22 C.M.R. 139 (1956) observed:

A policy directive may be promulgated to improve discipline; however, it must not be used as leverage to compel a certain result in the trial itself.

He further commented:

Reasonable men must conclude that once the Secretary of a service enters into the restricted arena of the courtroom, whether the members of the court are conscious thereof or not, he is bound to exert some influence over them.

■ Court members should have full discretion to judge each case on its own individual merits, and arrive at a sentence that

would best serve the ends of justice. It is error to introduce command policies regarding findings or appropriateness of sentence into judicial proceedings. *United States v. Estrada,* 7 U.S.C.M.A. 635, 23 C.M.R. 99 (1957); *United States v. Allen,* 20 U.S.C.M.A. 317, 43 C.M.R. 157 (1971); *accord United States v. Higdon,* 2 M.J. 445 (A.C.M. R.1975). Further, it is error for trial counsel, during argument, to attempt to influence the court by referring to a policy directive. *United States v. Leggio,* 12 U.S.C.M.A. 8, 30 C.M.R. 8 (1960).

The findings of guilty are affirmed. The sentence is set aside and a rehearing on sentence is ordered. *United States v. Fowle, supra.*

MILLER, Judge, concurs.

POWELL, Senior Judge, absent.