## UNITED STATES

### v.

**Staff Sergeant Cordie DAVIS, Jr., FR 251–92–6611 United States Air Force.**

### ACM 23516.

U. S. Air Force Court of Military Review.

Sentence Adjudged 31 March 1982.

Decided 10 Sept. 1982.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain J. Laurens Tullock.

Appellate Counsel for the United States: Colonel James P. Porter, Colonel Kenneth R. Rengert and Major George D. Cato.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Pursuant to mixed pleas, the accused was convicted of wrongfully using, transferring, and possessing marijuana and wrongfully transferring cocaine, in violation of Article 134, 10 U.S.C. § 934, Uniform Code of Military Justice. He was sentenced to a dishonorable discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to airman basic.

## I

The accused urges on appeal that the military judge erred in refusing to instruct on the defense of entrapment regarding the alleged wrongful transfer of cocaine (Specification 4 of the Charge). We agree.

An accused in a criminal case is entitled to have an instruction relating to any defense theory for which there is evidence in the record. *United States v. Bellamy,* 15 U.S.C.M.A. 617, 36 C.M.R. 115 (C.M.A.1966); *United States v. Mathis,* 15 U.S.C.M.A. 102, 35 C.M.R. 102 (C.M.A.1964); *United States v. Shufford,* 7 M.J. 716 (A.C.M.R.1979); *United States v. Riska,* 33 C.M.R. 939 (A.F.B.R.1963); *pet. denied* 33 C.M.R. 436 (C.M.A.1963). Even testimony that is improbable or unbelievable is sufficient to raise an instructional issue. *United States v. Bermudez,* 47 C.M.R. 68 (A.F.C.M.R.1973).

In the case *sub judice* it is undisputed that the informant approached the accused numerous times over a six to eight week period and asked him to obtain cocaine. The accused stated he had never sold cocaine before and did so this time only because the informant kept asking him for

"harder drugs," i.e., cocaine, amphetamines, etc. It was at the informant's insistence that the accused provided him with cocaine. The accused's testimony standing alone raises an instructional issue regarding entrapment. *United States v. Bermudez, supra.* Additionally, the informant conceded he had repeatedly asked the accused to obtain cocaine for him. Finally, any doubt whether evidence is sufficient to require an instruction on the defense of entrapment should be resolved in favor of the accused. *See United States v. Steinruck,* 11 M.J. 322 (C.M.A.1981). There was sufficient evidence in the record to raise the defense of entrapment. It follows that the military judge erred in refusing to give the requested instruction. *United States v. Sawyer,* 4 M.J. 64 (C.M.A.1977). Accordingly, the findings of guilty of Specification 4 of the Charge are set aside. In the interest of judicial economy, Specification 4 of the Charge is dismissed.

## II

■ The accused urges that the evidence was insufficient to support the conviction for wrongfully using marijuana (Specification 1 of the Charge). The Government's case rested on the testimony of Senior Airman Walker, a government informant. On 28 December 1980, he saw the accused and three others inhale the smoke from a can containing a burning substance. From experience and training he recognized the odor as burning marijuana. The incident took place at the accused's residence in Newmarket, England. The accused denied that Walker was ever in his house during December 1980. Additionally, Staff Sergeant Hurst, an individual who Walker also identified as being present, denied using marijuana or being at the accused's house on 28 December.

The factual dispute of whether the accused used marijuana in the manner described by Walker is a question for the fact finders. If there is competent evidence from which the court could find, beyond a reasonable doubt, the existence of every element of the offense charged, then there is sufficient evidence to support the conviction. *United States v. Taylor,* 21 U.S.C.M.A. 220, 44 C.M.R. 274 (1972); *United States v. Papenheim,* 19 U.S.C.M.A. 203, 41 C.M.R. 203 (1970). Weighing all the evidence and giving proper consideration to those who saw and heard the witnesses, we find the evidence established the accused's guilt beyond a reasonable doubt. *United States v. Myers,* 14 M.J. 527 (A.F.C.M.R. 1982); *United States v. Young,* 12 M.J. 991 (A.F.C.M.R.1982).

We have considered the remaining assigned error and have resolved it adversely to the accused. We approve only so much of the sentence as extends to a bad conduct discharge, confinement at hard labor for 18 months, forfeiture of all pay and allowances, and reduction to airman basic. The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

MILLER, Judge, concurs.

POWELL, Senior Judge, absent.