**UNITED STATES**

v.

**Earl BARBER, 097 46 9010 Ocean Systems Technician (Analyst) Second Class (E–5), U.S. Navy.**

**NMCM 86 1260.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 26 Sept. 1986.

Decided 26 Nov. 1986.

LtCol Richard E. Ouellette, USMC, Appellate Defense Counsel.

LtCol Stephen S. Mitchell, USMCR, Appellate Government Counsel.

Maj J.S. Uberman, USMC, Appellate Government Counsel.

Before COUGHLIN, MIELCZARSKI and DECARLO, JJ.

MIELCZARSKI, Judge:

A general court-martial composed of a military judge sitting with officer and enlisted members tried appellant at U.S. Naval Air Station, Bermuda on 24, 25, and 26 September 1985. Appellant pleaded not guilty, but the court-martial convicted him of attempted wrongful introduction of five pounds of marijuana onto the U.S. Naval Facility, Bermuda, with intent to distribute and wrongful introduction of nine and a half pounds of marijuana onto the same installation with intent to distribute, violations of the Uniform Code of Military Justice (UCMJ), Articles 80 and 112a, 10 U.S.C. §§ 880, 912a, respectively. The court-martial sentenced appellant to a bad conduct discharge, confinement for nine months, and reduction to pay grade E–1. The convening authority approved the sentence without modification on 13 March 1986. Before this Court appellant challenges the sufficiency of the evidence to sustain the findings of guilty in a single assignment of error directed to the Article 112a charge and in a post-trial submission under Rule for Courts-Martial (RCM) 1105(b)(1) directed to both findings of guilty. We find merit in both the assignment and the R.C.M. 1105 submission and set aside the guilty findings.

*The Facts*

A U.S. Customs Service Officer at John F. Kennedy International Airport in New York examined, with the aid of a dog specially trained to smell narcotics, a mailbag which had arrived on an incoming flight from Jamaica on 19 March 1985. The dog alerted on the bag, which was labeled "destination JFK," and it was opened. Inside the bag the Customs Officer found a package purportedly sent by a Mrs. Paulette Baber of Kingston, Jamaica, addressed to "Earl Baber," Naval Facility, Bermuda, F.P.O. NY, NY 09560–4000, Box 128. The Customs Officer unwrapped the package and discovered that it contained two metal cans soldered shut. Inside the cans he found a green leafy substance which field-

tested positive as marijuana. The next evening, the same dog alerted on another mail bag originating from Jamaica; this bag was opened and determined to contain a package from a John Craig of Montego Bay, Jamaica, addressed to Earl Barber, Naval Facility, Bermuda, F.P.O. NY, NY 09560–4000, Box 128. The Customs Officer did not open this parcel, however, because, despite its F.P.O. address, it was in a mail bag labeled "destination Bermuda" and thus technically not subject to U.S. Customs inspection.

Customs and postal inspectors turned over the first parcel to the Naval Investigative Service (NIS) in New York. The NIS, thereafter, rewrapped the parcel, covered it with additional wrapping, and sent it by registered mail to the NIS office at Naval Facility, Bermuda. The Bermuda based NIS agent removed the outer wrapping and delivered the parcel to the mail orderly at appellant's place of duty. The mail orderly, in turn, placed a notice in appellant's mailbox that he had a package. Shortly thereafter, appellant accepted delivery of the package. He then walked out of the post office and approximately ten feet down the corridor toward his work space at which time he was stopped by an NIS agent and the chief master-at-arms and placed under apprehension. The unopened parcel was seized; and the contents, when analyzed, proved to consist of nine and a half pounds of marijuana. This parcel formed the basis of appellant's conviction of wrongful introduction of marijuana onto a military installation with intent to distribute.

In the meantime, Bermuda customs authorities inspected and seized the second parcel, after it had been allowed to continue on to Bermuda. The contents of the second parcel, when analyzed, proved to consist of five pounds of marijuana. This parcel formed the basis of appellant's conviction of attempted introduction of marijuana with intent to distribute.

Appellant testified in his own defense and denied any knowledge of the marijuana in question. He denied ever transferring,

possessing, or smoking marijuana. In addition he testified that he had never been to Jamaica, that he did not arrange for the marijuana to be sent to him, that he did not supply his mailing address to anyone so that marijuana could be sent to him, and that he did not even know anyone in Jamaica.

Appellant's leading Chief Petty Officer testified that appellant had been under his supervision for two years and that in his opinion appellant was an honest, truthful, law-abiding person and a sailor of good military character. His testimony was unrebutted.

A second class petty officer who was present at the post office to collect her own mail saw appellant immediately after he accepted delivery of the package. She testified that she overheard him say "I wonder what this could be" as he looked down at the parcel while walking away from the delivery counter.

Other unrebutted testimony indicated that security with respect to delivery of mail was lax at the military post office in question. Postal clerks routinely surrendered mail and packages to nonaddressees, when they indicated they were picking up another person's mail.

Still other testimony established that Bermuda police authorities had searched appellant's automobile and off base quarters pursuant to a search warrant issued after Bermuda customs seized the second parcel. The Bermuda police found no evidence of marijuana or any other controlled substance present. They found no drug paraphernalia, which would suggest use or distribution. They found no evidence linking any Jamaica connection to appellant. Based on the lack of evidence corroborating appellant's complicity in the attempted introduction of marijuana into Bermuda, the civil authorities elected to not prosecute appellant. Thereafter U.S. military authorities exercised jurisdiction in the matter.

### The Law

The standard for review of a claim of insufficiency of the evidence is whether

there is some competent evidence in the record from which the finder-of-fact could find beyond a reasonable doubt the existence of every element of the offense charged. *See United States v. Zammit,* 16 M.J. 330 (C.M.A.1983); *United States v. Papenheim,* 19 U.S.C.M.A. 203, 41 C.M.R. 203 (1970). The relevant question on review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also United States v. Bright,* 20 M.J. 661 (NMCMR 1985). It is also axiomatic that a conviction cannot be sustained on the basis of suspicion or surmise. *United States v. Papenheim, supra* at 205 citing *United States v. O'Neal,* 1 U.S.C.M.A. 138, 2 C.M.R. 44 (1952).

We are satisfied that the evidence in this record is more than sufficient to prove that some person or persons wrongfully attempted to introduce marijuana through the postal system onto the U.S. Naval Facility, Bermuda, on the two occasions in question. Because of the quantities of marijuana involved in each instance, the evidence is also sufficient to support an inference of intent to distribute the substance.

But the fact that marijuana was introduced or attempted to be introduced by means of packages addressed to appellant does not establish that appellant played any part in the posting of the packages. No evidence links appellant to the purported senders of the packages. The inference argued by the Government that two such packages addressed to appellant from separate addresses within a few days suggests appellant's participation is so thin that it is nearly transparent. We view the Government's theory as nothing more than surmise or suspicion.[1] *United States v. Papenheim, supra.* See also *United States v. Koua Thao,* 712 F.2d 369 (8th Cir.1983) (opium sent through international mail to defendant and in his conscious possession not sufficiently probative to sustain conviction for importing opium). *See also generally United States v. Seni,* 662 F.2d 277 (4th Cir.1981); *United States v. Soto,* 591 F.2d 1091 (5th Cir.1979); *United States v. Moler,* 460 F.2d 1273 (9th Cir.1972). We conclude that the evidence is insufficient as a matter of law to sustain appellant's conviction of either the attempted introduction or the introduction of marijuana onto the U.S. Naval Facility, Bermuda.[2] In any event, when evaluated on a standard of reasonable doubt, the evidence is insufficient to convince us of appellant's guilt of either charge or any of the lesser included offenses instructed on by the military judge below. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

Accordingly, the findings of guilty are set aside and the charges are dismissed.

Senior Judge COUGHLIN and Judge DECARLO concur.

---

1. Similarly, there is no evidence which would reasonably support a finding that during appellant's fleeting possession of the unopened package he was aware of its contents. Therefore, affirmance of the lesser included offenses of possession of marijuana with intent to distribute and possession of marijuana are not supportable by the evidence. *See* Paragraph 37(c)(2), Part IV, Manual for Courts-Martial, United States, 1984.

2. Although we need not decide the issue for our ultimate resolution of this case, we note parenthetically that the actions of the law enforcement authorities in New York interrupted the attempt to introduce the first parcel aboard the Naval Facility in Bermuda. This was more than a discovery of the contraband followed by a subsequent allowing of the item to proceed on the course set in motion by the originator of the package. The evidence of record clearly establishes that the contraband package was *withdrawn* from the postal system after discovery in New York and thereafter *independently posted* to the Bermuda agent and office of the NIS. This readdressal resulted in the immediate cause of the introduction of the marijuana aboard the Bermuda Naval Facility.