UNITED STATES, Appellee,

v.

Specialist Four De Jesus F. APONTE,
SSN 583–92–2938 United States
Army, Appellant.

SPCM 15619.

U. S. Army Court of Military Review.

2 Sept. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Elliot J. Clark, Jr., JAGC, and Captain Charles E. Trant, JAGC, were on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain John J. Park, Jr., JAGC, were on the pleadings for the appellee.

Before JONES, GARN and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

GARN, Judge:

The marihuana and needle and syringe the appellant was convicted of wrongfully possessing were found in the appellant's canvas bag by the appellant's company commander, Captain Walls. Prior to his search of the appellant's bag, Captain Walls had heard that the appellant and another soldier were selling marihuana while the unit was engaged in a field exercise. Captain Walls asked a soldier in his unit, who had previously provided him reliable information concerning illegal drug activities, if he had any relevant knowledge. When the soldier replied that he did not, Captain Walls asked him to "keep [his] eyes open" and report any information he might obtain concerning drug sales. A few hours later, according to Captain Walls' testimony, the soldier reported to Captain Walls that he had seen the appellant remove something from a bag, and when he subsequently "checked" the appellant's bag he saw marihuana.* Captain Walls then obtained authorization to search the appellant's bag from Major Coffee, the battalion executive officer, who was acting as the rear detachment commander and who had been delegated authority to authorize searches within the command. Major Coffee did not place Captain Walls under oath.

The appellant now argues that the evidence obtained as a result of the search of his bag should have been excluded because the "informant" unlawfully searched his bag and because Captain Walls was not sufficiently neutral and detached to properly authorize the search.

■ With respect to the appellant's argument that the informant unlawfully searched his bag, initially we note that there was no competent evidence, under the rules of evidence in effect at the time of

appellant's trial, tending to show that such a search occurred. *See* paragraph 139*a*, Manual for Courts-Martial, United States, 1969 (Revised edition). Even if the hearsay evidence is considered, it is not clear that the informant violated any of the appellant's privacy or property interests protected by the Fourth Amendment when he "checked" the appellant's bag.

■ In any event, it is clear that the informant did not have direct disciplinary power over the appellant and was not a law enforcement agent acting under the authority of the United States. *See United States v. Rogan*, 8 U.S.C.M.A. 739, 25 C.M.R. 243 (1958); *United States v. Rosado*, 2 M.J. 763 (A.C.M.R. 1976); *United States v. McClelland*, 49 C.M.R. 557 (A.C.M.R. 1974). Although the informant was, in a sense, acting as Captain Walls' agent, Captain Walls did not invest him with the authority or responsibilities of a law enforcement agent. Captain Walls did not ask the informant to search anyone's property. Assuming, *arguendo*, that the informant did search the appellant's bag, applying the exclusionary rule because of that search would not further the primary, if not sole, purpose for that rule, *viz.*, the deterrence of unlawful conduct by government authorities who have police powers. *See Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) and *United States v. Janis*, 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976).

■ Assuming that Captain Walls was not sufficiently neutral and detached to authorize the search, *see United States v. Ezell*, 6 M.J. 307 (C.M.A. 1979), we are satisfied that Major Coffee was. Although Captain Walls was not placed under oath when he provided Major Coffee with sufficient information to establish probable cause for authorizing the search, Major Coffee's granting that authority nevertheless was reasonable within the meaning of the Fourth Amendment. *See United States v. Stuckey*, 10 M.J. 347 (1981).

---

* The soldier was not called to testify, although trial counsel offered to do so. Defense counsel did not request that he be called, and the trial judge ignored trial counsel's offer.

It is uncontroverted that Major Coffee had been delegated the authority to permit searches. The search he authorized in this case occurred in March 1980. As Major Coffee's exercise of authority was legally permissible at that time, we need not determine whether he also was empowered to authorize the search because he was the battalion executive officer and rear detachment commander, *see United States v. Kalscheuer*, 11 M.J. 373 (C.M.A. 1981), or whether Captain Walls actions can be justified regardless of Major Coffee's authorization, *see United States v. Acosta*, 11 M.J. 307, 313 (C.M.A. 1981).

In view of the foregoing, we are satisfied that the search of the appellant's bag was reasonable and the evidence obtained as a result of that search was properly admitted into evidence.

■ The appellant's argument that the government failed to establish that his conduct did not come within the exceptions to the regulation he was convicted of violating is rejected on the basis of *United States v. Cuffee*, 10 M.J. 381 (C.M.A. 1981).

■ Although not raised as an issue, we have considered the fact that the appellant did not expressly waive his right to remain silent before confessing his ownership of the marihuana and syringe and needle. The express waiver of that right is not crucial; the question is whether the appellant knowingly and voluntarily relinquished his right to remain silent. *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). We are satisfied that he did.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge HANFT concur.