UNITED STATES, Appellee,

v.

Staff Sergeant Daniel E. JACOBS, SSN 450–88–3198, United States Army, Appellant.

CM 441561.

U. S. Army Court of Military Review.

30 Nov. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, and Captain Gary D. Gray, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Edwards, JAGC, Captain Richard P. Laverdure, JAGC, and Major Michael R. Smythers, JAGC, were on the pleadings for appellee.

Before COKER, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, the appellant was convicted of two specifications of possession of lysergic acid diethylamide (LSD), one specification of sale of 13.95 grams of marihuana, possession of 238.75 grams of marihuana, and transfer of 238.75 grams of marihuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1976). His approved sentence provides for a bad-conduct discharge, confinement at hard labor for two years and reduction to Private E–1.

The issue in this case is whether the military judge erred by refusing to instruct on entrapment regarding the marihuana offenses.

The prosecution's case rested primarily on the testimony of a confidential informant named Reeb. According to Reeb, he and the appellant had known each other for many years and had smoked marihuana together at their previous duty station. For several months after they met again at Fort Rucker, the appellant had offered to sell Reeb drugs, but Reeb had declined. On 22 October 1980 Reeb informed agents of the U.S. Army Criminal Investigation Command (CID) about the appellant's offers and agreed to cooperate with the CID in making a controlled purchase of drugs. Later on the same day Reeb asked the appellant to obtain some "speed." On 23 October 1980 the appellant produced two LSD tablets, which Reeb purchased with funds provided by the CID. Shortly thereafter the appellant offered Reeb two more tablets

which he also purchased with CID funds. While completing the second sale of LSD, the appellant offered to sell Reeb some marihuana. Reeb agreed and purchased 13.95 grams of marihuana using CID funds.

In his defense, the appellant claimed he was entrapped by Reeb. The appellant admitted previous joint use of marihuana with Reeb, but stated, "I don't sell dope." The appellant testified that Reeb asked him at least three times to obtain "speed" and that he finally agreed and gave Reeb two tablets of "LSD with a superspeed base." The appellant testified that he was able to obtain the LSD at no cost, but that Reeb insisted on paying for it. The appellant testified that Reeb asked for more LSD on the following day and the appellant provided him with two more tablets. The appellant said that later that same day Reeb asked for marihuana and the appellant agreed to give him half of his personal supply, 13.95 grams, at cost.

The appellant further testified that about a week prior to the 29 October transfer of marihuana, Reeb asked for a pound of "sensimilla." The appellant replied that he could not obtain "sensimilla" but could obtain "columbian." Reeb then asked for two pounds of "columbian." In response to this last request the appellant obtained and transferred 238.75 grams of marihuana to Reeb.

The defense requested an entrapment instruction as to all offenses, relying on the presumption that an initial entrapment continues until the prosecution establishes the contrary. *See United States v. Skrzek,* 47 C.M.R. 314 (ACMR 1973). The military judge instructed on entrapment as to the LSD offenses but denied the request for an entrapment instruction regarding the marihuana offenses, ruling that there is no presumption that a person entrapped into offenses involving LSD would also be entrapped into subsequent offenses involving marihuana.

Although Reeb testified that he contacted the CID before asking the appellant for drugs, the appellant's testimony, if believed, would establish that Reeb solicited him primarily or to becoming a CID informant. There is no issue of entrapment if Reeb, acting in a private capacity and not as a government agent, persuaded the appellant to sell or transfer drugs. *United States v. Garcia,* 546 F.2d 613 (5th Cir.), *cert. denied,* 430 U.S. 958, 97 S.Ct. 1608, 51 L.Ed.2d 810 (1977). *Cf. United States v. Aponte,* 11 M.J. 917 (ACMR 1981) (search not subject to exclusionary rule if not conducted by government agent). The issue whether Reeb was a government agent at the time he solicited the appellant to sell him drugs was not raised by either party or the military judge. Since Reeb, a prosecution witness, characterized his acts as those of a government agent and all parties to the trial apparently accepted that characterization, we will decide this case on the assumption that he was a government agent at all times when he asked the appellant to sell him drugs.

■ We believe that the military judge ruled incorrectly. The question whether the presumption of entrapment continues is a question of fact, not law. *United States v. Skrzek,* 47 C.M.R. at 318. Accordingly, we conclude that it was error for the military judge to preclude the court members from deciding whether the presumption of entrapment continued through the marihuana offenses. However, we find no possibility of prejudice arising from the military judge's refusal to instruct on the *Skrzek* presumption. By their findings, the court members rejected the entrapment defense as to the earlier LSD offenses. Since they found no entrapment as to the LSD offenses, there is no rational possibility that they would have presumed a continuing entrapment as to the subsequent marihuana offenses. Therefore, we conclude that the military judge's failure to instruct the court members on the *Skrzek* presumption of continuing entrapment was error but harmless.

■ However, our disposition of the *Skrzek* issue does not end the matter, since we must still determine whether the appellant was entitled to an entrapment instruction independent of the *Skrzek* presumption. As to the sale of the 13.95 grams of

marihuana on 24 October 1980, the defense declined to assert entrapment on any basis other than the *Skrzek* presumption. We hold that entrapment was not independently raised as to this offense, because the appellant unequivocally admitted his predisposition to provide Reeb quantities of marihuana for his personal use.

 However, as to the appellant's possession and transfer of 238.75 grams of marihuana on 29 October 1980 we find prejudicial error. The appellant had shared small quantities of marihuana with Reeb on numerous occasions. The two LSD transactions involved only two tablets for Reeb's personal use. Even the 13.95 grams of marihuana constituted a quantity consistent with personal use. However, the appellant's judicially admitted predisposition to share small quantities of drugs with his long-time friend, while sufficient to defeat his claim of entrapment as to the smaller quantities, does not necessarily defeat entrapment in a transaction of a large quantity of high-grade marihuana. *See United States v. Fredrichs,* 49 C.M.R. 765 (ACMR 1974). Any doubt whether the evidence is sufficient to require an instruction should be resolved in favor of the accused. *See United States v. Steinruck,* 11 M.J. 322, 324 (CMA 1981); *see also United States v. Davis,* 14 M.J. 628 (AFCMR 1982). The question whether the appellant was entrapped into obtaining and transferring a large quantity of high-grade marihuana should have been presented to the triers of fact with appropriate instructions. Accordingly, we conclude that the military judge erred by refusing to instruct on entrapment as to Specifications 2 and 3 of Charge II.

The findings of guilty of Charge I and its specifications and Specification 1 of Charge II and Charge II are affirmed. The findings of guilty of Specifications 2 and 3 of Charge II are set aside and those specifications are dismissed. Reassessing the sentence on the basis of the error noted and the entire record, only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement at hard labor for eighteen months and reduction to Private E–1.