**UNITED STATES, Appellee,**

v.

**Staff Sergeant Laurance O.J. VENUS, SSN 565–78–8413, United States Army, Appellant.**

**SPCM 17903.**

U.S. Army Court of Military Review.

20 May 1983.

---

\* Senior Judge MILLER took final action in this case prior to his reassignment from the Court.

Lieutenant Colonel R. Rex Brookshire, II, JAGC, Major Paul J. Luedtke, JAGC, and Captain Lawrence R. Hughes, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Peter M. Donawick, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

Contrary to his pleas, the appellant was convicted of possession, sale and transfer of 142.99 grams of marijuana to a covert military policeman, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). His approved sentence provides for a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $367.00 pay per month for four months and reduction to the lowest enlisted grade. He now contends that the military judge incorrectly instructed the court members on the law of entrapment. We agree and reverse in part.

The prosecution's case rested heavily on the testimony of a Captain Hamme, who admitted a long-time friendship with the appellant and prior marijuana use with him. The appellant admitted prior possession and use of marijuana but claimed he was pressured by Captain Hamme into selling and transferring marijuana to the covert agent, a Specialist Four Hailey. The trial defense counsel requested the military judge to instruct the court members that prior possession and use of marijuana are not necessarily probative of any inclination to sell marijuana. In the alternative the trial defense counsel requested that the court members be instructed that a person who has withdrawn from a criminal course of conduct is in the same legal position, with respect to entrapment, as one who has never engaged in criminal conduct.

The military judge instructed the members as follows:

Unless you are convinced beyond a reasonable doubt that the accused had not utterly and completely abandoned his prior criminal course of conduct, and made his withdrawal thereon fully known to Captain Hamme, you should consider whether he was entrapped. If on the other hand you are convinced beyond a reasonable doubt that the accused had not abandoned his prior criminal course of conduct, then conveyed that abandonment of it to Captain Hamme, then entrapment is not an issue, it should be disregarded.... Even if a person has engaged in a prior course of criminal conduct, but, has voluntarily abandoned that course of conduct and has conveyed to the government agent or informant his desire to refrain from that conduct for all time in the future, his reinducement to engage in that type of conduct would constitute an entrapment.

The appellant in this case readily admitted prior use and possession of marijuana but denied selling marijuana to Captain Hamme or to anyone else prior to the transaction with Specialist Hailey. In this evidentiary context, the military judge's instructions informed the court members that the appellant's prior possession and use of marijuana, which he readily admitted, would defeat any claim of entrapment as to a sale or transfer of marijuana. Such an instruction is incorrect. The fact that the appellant previously may have possessed or used marijuana would not establish his predisposition to sell or distribute marijuana. *United States v. Watson,* 489 F.2d 504, 507 n. 3 (3d Cir.1973); *United States v. Ewbank,* 483 F.2d 1149, 1151 (9th Cir.1973); *see United States v. Jacobs,* 14 M.J. 999 (ACMR 1982).

The military judge's instruction also informed the court members that the appellant's claim of entrapment would be defeated if the appellant failed to communicate to Captain Hamme that he had abandoned his prior course of criminal conduct. This instruction also was incorrect. Whether Captain Hamme had knowledge or reasonable suspicion of the appellant's criminal activity is immaterial to the issue of entrapment. *United States v. Gonzalez-Dominicci,* 14 M.J. 426, 427 (CMA 1983); *United States v. Vanzandt,* 14 M.J. 332, 344 (CMA 1982).

We find a reasonable likelihood that the court members were misled into rejecting the appellant's claim of entrapment for legally incorrect reasons. Accordingly, we must set aside his convictions of selling and transferring marijuana.

Only so much of the finding of guilty of Specification 1 of the Charge and the Charge is affirmed as finds that the appellant did, at Rineyville, Kentucky, on or about 1815 hours, 11 December 1981, wrongfully have in his possession 142.99 grams, more or less, of marijuana. The findings of guilty of Specification 2 of the Charge and of the Additional Charge and its specification are set aside. The sentence is set aside. A rehearing on Specification 2 of the Charge, the Additional Charge and its specification and the sentence may be ordered by the same or a different convening authority.

Senior Judge O'DONNELL and Judge WERNER concur.