222

UNITED STATES, Appellee,

v.

Hugh T. BUTLER, Seaman Apprentice,
U.S. Navy, Appellant.

No. 46,353.

NMCM 82 5450.

U.S. Court of Military Appeals.

Feb. 21, 1984.

For Appellant: Lieutenant Commander *Georgia L. Winstead*, JAGC, USNR, and Lieutenant *Burke M. Wong*, JAGC, USNR (on petition).

For Appellee: Commander *W.J. Hughes*, JAGC, USN, and Lieutenant *Ronald S. Wasilenko*, JAGC, USNR (on petition).

*Opinion of the Court*

COOK, Judge:

Tried by general court-martial, military judge alone, the accused was convicted, despite his pleas, of "offer[ing] violence against the person of ... his superior commissioned officer" by placing cocaine "into a beverage can from which" she "was drinking," in violation of Article 90, Uniform Code of Military Justice, 10 U.S.C. § 890. The adjudged and approved sentence extends to a dishonorable discharge, confinement at hard labor for 30 months, forfeiture of all pay and allowances, and reduction to pay grade E-1. The United States Navy-Marine Corps Court of Military Review affirmed the findings and sentence.

We granted the accused's petition for review on the following issue:

> WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT WHEN HE DENIED HIS MOTION TO DISMISS CHARGE I AND FOUND HIM GUILTY OF THE CHARGE YET GRANTED THE MOTION AS TO CHARGE II WHEN THE COCAINE ALLEGEDLY PLACED IN THE ENSIGN'S SODA IN CHARGE I IS THE SAME COCAINE ALLEGEDLY POSSESSED IN CHARGE II?

The challenged ruling occurred at a pretrial hearing after the accused had pleaded not guilty to offering violence to his superior commissioned officer by placing cocaine into a beverage can from which she was drinking and to possessing cocaine. At that

time, defense counsel offered a combined motion to suppress the laboratory report analyzing the ensign's urine specimen and to dismiss both charges. After examination of the laboratory test report and an offer of proof by the Government, as well as hearing arguments of counsel, the military judge granted the motion to suppress the laboratory report because of failure to provide an adequate chain of custody as to the handling of the specimen at the laboratory and granted that portion of the motion to dismiss the charge of possession of cocaine. The military judge determined that "the possession alleged" was, "in fact, the cocaine that was put in the drink."

The Court of Military Review concluded that the dismissal of the possession charge was erroneous. The record does not disclose any specific reason for the dismissal action, since at the time there was no inquiry as to whether there might be evidence independent of the laboratory report which might establish that cocaine was placed in the soft drink can. However that may be, trial then proceeded on the remaining charge, and sufficient evidence was introduced to establish beyond a reasonable doubt that the accused did illegally "spike" the ensign's soft drink. This evidence consisted of the reactions of the ensign after drinking from the can and certain admissions of the accused to others that he had "put some coke in the Ensign's soda the other day."

The gist of appellate defense counsel's contention is that the military judge acted inconsistently in dismissing the possession charge but thereafter finding the accused guilty of the substantive charge of placing the cocaine in the soft drink can. We disagree and affirm.

The issue of the effect of inconsistent *findings* by a military judge is presently pending resolution by this Court in *United States v. Snipes,* Dkt. No. 44,188, granted, 14 M.J. 296 (C.M.R.1982). However, we need not decide that issue here, since inconsistent *findings* are not present. What is involved are facially inconsistent *rulings* of the military judge. The ruling on the motion to dismiss is apparently connected to the ruling on the motion to suppress evidence of the laboratory report. Such ruling, whether correct or not, is not based upon a finding of not guilty, since no evidence was before the military judge at that time. On the other hand, the findings of guilty were made after evidence was presented in open court. Hence, the factors that might apply to truly inconsistent findings are not present here.

Since we find no reason to disturb the military judge's findings that the evidence established the accused's guilt beyond a reasonable doubt, and that finding was affirmed below, we have no reason to probe for the reasons underlying the ruling dismissing the possession specification simply to resolve an apparent inconsistency. Even if the military judge made an error of law in dismissing the possession charge, "[t]here is no reason ... [or] constitutional requirement that such an error ... should redound to the benefit of" the accused. *Harris v. Rivera,* 454 U.S. 339, 347, 102 S.Ct. 460, 465, 70 L.Ed.2d 530 (1981) (footnote omitted); *see also Standefer v. United States,* 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.