UNITED STATES, Appellee,

v.

Private First Class Louis S. BAILEY,
SSN 429–37–6101, United States
Army, Appellant.

CM 444552.

U.S. Army Court of Military Review.

11 April 1984.

Colonel William G. Eckhardt, JAGC,
Lieutenant Colonel Paul Luedtke, JAGC,
Captain Rita R. Carroll, JAGC, and Captain
Craig E. Teller, JAGC, were on the plead-
ings for appellant.

Colonel James Kucera, JAGC, Lieutenant
Colonel John T. Edwards, JAGC, and Cap-
tain Thomas E. Booth, JAGC, were on the
pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was charged, *inter alia*, with possession (Specification 1 of Charge III) and distribution (Specification 2 of Charge III) of five tablets of lysergic acid diethylamide (LSD) at Fort Riley, Kansas, on or about 15 April 1983, and with larceny of $30.00 from the United States at Fort Riley, Kansas, on or about 11 May 1983.[1] Pursuant to a pretrial agreement, appellant entered pleas of guilty to the distribution and larceny specifications and a plea of not guilty to the possession specification. The trial judge accepted the guilty pleas and entered findings of guilty as to the distribution and larceny specifications. Prior to entry of findings, the Government indicated it did not intend to present any evidence on the remaining charges. The trial judge then entered a finding of not guilty as to the possession specification. The trial took place on 14 May 1983.

■ Appellant correctly contends that his pleas of guilty of distribution of LSD and larceny should not have been accepted. Appellant's assertions during the providence inquiry may be summarized as follows. Appellant had been a user, but never a seller, of LSD for some time when he was approached by a covert Government agent who proposed that appellant sell LSD. This agent knew of appellant's prior possession and use of LSD. Appellant declined the agent's proposal, but the agent persisted daily for a month until, on 15 April 1983, appellant sold the five tablets of LSD for $20.00. This LSD came from appellant's personal supply which he maintained for his own use. On 10 May 1983, the Government agent again contacted appellant and requested more LSD. Appellant prepared some counterfeit LSD tablets and, on 11 May 1983, sold them to the

agent for $30.00. Appellant entered into this transaction to "get [the agent] off [appellant's] back" by discouraging further requests for LSD.

The trial judge noted that an entrapment issue was raised, but ultimately accepted the pleas. The record of trial indicates that the trial judge, trial defense counsel and appellant all concluded that appellant's plea was provident based in part on the application of the objective theory of entrapment, a theory which was rejected in the line of cases culminating in *United States v. Vanzandt*, 14 M.J. 332 (C.M.A.1982), and in part on the premise that entrapment was negated by appellant's acknowledged predisposition to possess and use LSD, a premise that was rejected in *United States v. Skrzek*, 47 C.M.R. 314 (A.C.M.R.1973). Appellant's unrecanted factual assertions reasonably raised the defense of entrapment as to the distribution on 15 April 1983 and thus raised matters inconsistent with his plea of guilty to that offense. This inconsistency was not resolved by the erroneous legal conclusions relied on by the parties. Accordingly, appellant's plea to the distribution offense was improvident.

■ Turning to the larceny offense, we note that where a person is entrapped into one offense, "and soon thereafter performs a number of similar acts at the request of that same agent ... the influence of the prior unlawful inducement should be presumed to continue...." *United States v. Skrzek*, 47 C.M.R. at 317. This factual presumption[2] only applies to acts which are "part of a course of conduct which was the product of the inducement" as opposed to "independent acts subsequent to the inducement". *Sherman v. United States*, 356 U.S. 369, 374, 78 S.Ct. 819, 821, 2 L.Ed.2d 848 (1958). Appellant's assertions bolster rather than rebut this presumption, raising a facially valid entrapment issue as to the larceny on 11 May 1983 and render-

---

**1.** Violations of Articles 134 and 121, Uniform Code of Military Justice, 10 U.S.C. 934 and 921 (1976), respectively.

**2.** *United States v. Jacobs,* 14 M.J. 999 (ACMR 1982).

ing his plea of guilty to that offense improvident.

Although appellant's plea of guilty of the distribution offense cannot stand, we find that he entered a provident plea of guilty to unlawful possession of LSD. The offense of unlawful distribution of drugs necessarily includes the offense of unlawful possession of the same drugs, since "distribution" means transfer of possession from the person charged to another. Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter cited as Manual], Change 7, para. 213*g* (3) (1983). In light of appellant's acknowledged predisposition to possess LSD, the infirmity of his plea of guilty to unlawful distribution extends only to that portion of the plea which involves transfer of the drugs, not to the portion which involves mere possession. *United States v. Fredrichs,* 49 C.M.R. 765 (A.C.M.R.1974). Accordingly, as will be reflected in our decretal paragraph, if the convening authority finds it impracticable to have a rehearing on the offense of distribution, he may approve a finding of guilty of possession of LSD.

The fact that findings of not guilty were entered on another specification (Specification 1 of Charge III), which alleged the same offense does not foreclose this result. First, Specification 1 of Charge III was surplusage to the distribution specification since it alleged an offense which was necessarily included in the distribution specification. Manual, Change 7, para. 213*g* (3) (1983). Second, the finding of not guilty of Specification 1 of Charge III was entered on the basis of the Government's election to present no evidence on that specification. As a practical matter, the valid guilty plea as to the possession portion of the distribution specification negated the need for the Government to present such evidence. Finally, assuming that inconsistent findings by a trial judge must be resolved in favor of the accused,[3] we find this doctrine inapplicable to the type of situation presented by this case. Rather, we view the case at bar as falling under the rationale of *United States v. Butler,* 17 M.J. 222 (C.M.A.1984), which indicates that the critical issue for determining whether findings are truly inconsistent is whether the "inconsistency" is based on an evaluation of evidence by the fact finder. Here, the "inconsistent" verdicts were not based on any inconsistent findings of fact. Accordingly, this case presents no "inconsistent findings" issue to be resolved.

The findings of guilty of Specification 3 of Charge III and Charge III are affirmed. The findings of guilty of Charge II and its specification and of Specification 2 of Charge III are set aside. The sentence is set aside subject to the following qualifications. The record of trial is returned to The Judge Advocate General for submission to the same or a different convening authority. The convening authority may order a rehearing as to Charge II and its specification and Specification 2 of Charge III, and as to the sentence. If he determines that a rehearing on Charge II and its specification and Specification 2 of Charge III is impracticable, the convening authority may dismiss Charge II and its specification and approve a finding of guilty of possession of lysergic acid diethylamide with respect to Specification 2 of Charge III and order a rehearing on sentence only. If he determines a rehearing on sentence only is impracticable, the convening authority may reassess the sentence.

Judge NAUGHTON and Judge COHEN concur.

TO THE JUDGES OF THE UNITED STATES COURT OF MILITARY APPEALS:

1. Pursuant to Article 67(b)(2), 10 U.S.C. § 867(b)(2) of the Uniform Code of Military Justice, the record of trial and decision of the United States Army Court

---

**3.** This issue is pending resolution by the Court of Military Appeals in *United States v. Snipes,* No. 44,188, *pet. granted,* 14 M.J. 296 (CMA 1982).

of Military Review in the above-entitled case are forwarded for review.

2. On 14 July 1983 Private Bailey was found guilty by a general court-martial of violations of Article 121 and 134, 10 U.S.C. §§ 921, 934 of the Uniform Code of Military Justice and was sentenced to a dishonorable discharge, two years confinement, total forfeitures and reduction to Private E–1. The trial took place at Fort Riley, Kansas. The convening authority limited the confinement to eighteen months, but otherwise approved the sentence. On 11 April 1984 the United States Army Court of Military Review set aside some of the findings of guilty and the sentence.

3. It is requested that action be taken with respect to the following issue:

WHETHER THE ARMY COURT CORRECTLY HELD THAT APPELLANT RAISED THE ENTRAPMENT DEFENSE WHEN HE SAID THAT HE RESPONDED TO REPEATED REQUESTS FOR DRUGS BY GOVERNMENT AGENTS BY SUPPLYING THEM WITH BOGUS DRUGS AND STEALING $30.00 FROM THEM.

Received a copy of the foregoing Certificate for Review this 4th day of May 1984.