**UNITED STATES**

v.

**Sergeant Mark A. JURSNICK, FR 228–15–5392, United States Air Force.**

**ACM 25657.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Sept. 1986.

Decided 3 March 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

The appellant was found guilty pursuant to pleas of wrongful uses of cocaine on

consecutive evenings, 9 and 10 April 1986, in Madrid, Spain. He attempted to plead guilty to specifications alleging wrongful distributions of cocaine occurring on the same evenings. However, two successive military judges declined to accept his pleas of guilty after concluding that his responses during the providence inquiry raised the issue of entrapment and, thus, failed to provide a factual basis for the pleas. R.C.M. 910(e). Pleas of not guilty were subsequently entered.

Following a trial on the merits before members, the appellant was found not guilty of the 9 April 1986 distribution, but was convicted of the 10 April 1986 distribution. His sole defense as to both distributions was that he was entrapped by a Senior Airman Murray into providing cocaine to him. Airman Murray was an Office of Special Investigations source who had been recruited from the ranks of known drug abusers to assist in the identification and apprehension of other Air Force personnel who were similarly inclined. Following the findings the military judge, on his own motion, raised the issue as to whether the findings were inconsistent in view of the entrapment defense which had been raised as to both. The trial defense counsel urged that the finding of guilty as to the 10 April distribution could not logically stand in the face of the finding of not guilty as to the prior distribution. Both distributions, he claimed, were clearly the products of the same course of persuasion employed by Airman Murray. He argued further that the military judge had erred in not instructing the members that entrapment, once present, is presumed to continue and influence subsequent criminal acts unless the contrary is shown. *See Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); *United States v. Skrzek*, 47 C.M.R. 314 (A.C.M.R.1973). The defense counsel had not requested such an instruction, nor had he objected to its absence. The military judge, after due consideration, concluded that he had not committed plain error in having failed to instruct the members on the presumption of continuing inducement. *See* R.C.M.

920(f). The finding of guilty as to the 10 April distribution was not disturbed.

The appellant has raised the same issue on appeal. He seeks reversal as to the 10 April distribution and a substantial reduction in the approved sentence which extends to a bad conduct discharge, confinement for nine months, forfeiture of $426.00 per month for nine months and reduction to airman basic. Based on our analysis herein, we do not find that the appellant is entitled to such relief.

A brief review of the facts adduced at trial reflects that the appellant and Airman Murray met at a bar in January 1986. The subject of cocaine arose, although the testimony of the two differed as to who raised the subject first. The general thrust of the exchange was that Airman Murray wanted to find a cocaine supplier, and the appellant had earlier encountered a bartender in Madrid who had offered to sell him some. Several contacts between Airman Murray and the appellant followed in the ensuing weeks. After various urgings from Airman Murray, the appellant agreed to take him to the bar in question. On 9 April 1986 the appellant and his roommate, Senior Airman Rasmussen, accompanied Airman Murray to Madrid. They did so reluctantly, according to their testimony. The appellant testified that Airman Murray insisted that the appellant go into the bar to purchase the cocaine. He did so, and he provided the cocaine to Airman Murray.

The three shared a large portion of the cocaine on the return trip to the base. The appellant admitted that he was curious to learn what cocaine was like, presumably intending to convey the thought that he had not used it previously. Interestingly, although the cocaine passed back and forth between the three, the prosecution did not rely on this undisputed evidence to establish distribution. The members were instructed that they might consider this evidence along with the appellant's simultaneous use of cocaine insofar as these matters bore on the appellant's predisposition to make the initial distribution of the evening to Airman Murray. Mil.R.Evid.

404(b). *See generally, United States v. Rivera,* 23 M.J. 89 (C.M.A.1986).

Airman Murray expressed concern that his wife would be unhappy with the small amount of cocaine he was bringing home. He insisted that they return to Madrid to obtain more cocaine the next evening. Essentially the same scenario unfolded the following evening, 10 April 1986. The appellant and his roommate professed to being all the more reluctant to participate on this occasion. Office of Special Investigations agents intervened in due course, and the appellant and his roommate were apprehended.

■ The military judge provided accurate and comprehensive instructions on entrapment. He did not, however, specifically instruct that, if an improper government inducement caused an otherwise innocent person, the appellant, to perform an illegal act, the influence of the prior inducement was presumed to extend to a subsequent similar act unless the prosecution established the contrary. This standard was enunciated by the Army Court of Military Review in *United States v. Skrzek, supra.* Although speaking of a factual situation not apparent from the record in this case, the *Skrzek* Court provided the following rationale for presuming a continuing entrapment in appropriate cases: "It would seem to be contrary to public policy to permit narcotics agents to use any trickery to induce a sale, then make subsequent buys, and, by not charging the first sale, insulate subsequent transactions from the effect of their misconduct." 47 C.M.R. at 318. *See Sherman v. United States, supra.* The continuation of entrapment in a given case is a factual issue. Therefore, the Army Court has taken the position that the absence of a specific instruction on this issue may constitute error. *United States v. Jacobs,* 14 M.J. 999, (A.C.M.R.1982), *pet. denied,* 15 M.J. 475 (1983). *Jacobs,* however, involved the situation of an accused who was found guilty of the initial offense following government-initiated inducements, as well as later offenses flowing from the same pattern of inducements.

■ We are not persuaded that an instruction relating to the presumption of continuing entrapment is required where, as here, the military judge has provided factually tailored entrapment instructions which were made applicable to both the 9 April and 10 April distributions. In the *Jacobs* case, on the other hand, the Army Court held that military judge's error in failing to instruct on the presumption of continuing entrapment was harmless but that he committed prejudicial error in not applying an entrapment instruction to a subsequent offense charged. This, of course, is not the problem confronting us in this case.

The Court of Military Appeals recently reviewed the *Skrzek-Jacobs* rationale in *United States v. Bailey,* 21 M.J. 244 (C.M.A.1986). While not specifically addressing the presumption of a continuing inducement as bearing on the entrapment defense, the Court encouraged entrapment instructions as to subsequent offenses charged unless they are clearly "attenuated" from the initial inducement. 21 M.J. at 247. *Bailey* is not a conclusive precedent for our purposes, as it involved a discussion of vastly different offenses flowing from a pattern of inducement, drug related acts followed closely by a larceny. However, Judge Cox, in a concurring opinion, observed that issues respecting both initial entrapment and claims that "subsequent misconduct was the product of the original inducement—and not some later inspiration—are also generally matters to be resolved by the factfinder." *Id.* at 247–248. Within this framework of discussion Judge Cox pointedly noted: "I write only to remind military judges and counsel that once entrapped does not necessarily mean always entrapped." *Id.* at 247. It is conceivable that Judge Cox's sentiment more nearly expresses the view of the Army Court of Military Review on the question of continuing entrapment at this juncture than *Skrzek* and *Jacobs. See United States v. Meyers,* 21 M.J. 1007, 1012 (A.C.M.R.1986).

■ As previously stated, the military judge provided full and adequate instruc-

**508**

tions on the entrapment defense as it related to both alleged distributions. Of the various evidentiary matters he asked the members to consider in evaluating the appellant's predisposition to commit the offenses, the following was particularly noteworthy: "You should also consider that ... the testimony of Sergeant Jursnick and Airman Rasmussen is, but for the inducement of Senior Airman Murray in the first instance, the second instance would not have occurred...." This adequately apprised the finders of fact of a possible relationship between the source's inducements at the outset and the appellant's commission of the second offense.

■■■ The appellant, through his trial defense counsel, did not request a presumption of continuing entrapment instruction. Under the facts of this case, he cannot now complain of other than plain error after the fact. R.C.M. 920(f). In any event, we do not view the omission of such an instruction as being error, plain or otherwise, in this case. We do not regard it illogical that the members apparently concluded that the urgings of Airman Murray constituted entrapment as to the first distribution while being convinced beyond a reasonable doubt that the appellant was not entrapped as to the second distribution. Entrapment questions invariably turn on the factfinders' assessment of witness credibility. *United States v. O'Donnell*, 22 M.J. 911 (A.F.C.M.R.1986). As Judge Cox's discussion in *United States v. Bailey, supra,* suggests, factfinders are not bound to conclude that entrapment, once present, inevitably continues.

■■■ This case represents another example of the difficult and elusive nature of entrapment as an instructional issue. Military judges should be continually alert to factual situations in which an asserted government-initiated inducement extends past an initial offense charged to subsequent acts of charged misconduct. We do not endorse the wisdom of an instruction based on a presumption of continuing entrapment in most such situations. We do, however, emphasize that the law, in its present state, demands as a minimum that, once entrapment is raised as an issue, it must be addressed in appropriately tailored instructions as to each offense that it may reach. *See United States v. Vanzandt*, 14 M.J. 332 (C.M.A.1982), the necessary starting point for analyzing entrapment issues arising in courts-martial.

We have reviewed the record of trial, the assignment of errors, and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge STEWART concur.