UNITED STATES, Appellee

v

WILLIAM J. SPAIN, Staff Sergeant,
U. S. Air Force, Appellant

17 USCMA 347, 38 CMR 145

No. 20,436

January 5, 1968

*Major Walter G. Fenerty* argued the cause for Appellant, Accused. With him on the brief was *Colonel Dwight R. Rowland.*

*Captain Donald B. Strickland* argued the cause for Appellee, United States. With him on the brief was *Colonel James R. Thorn.*

## Opinion of the Court

FERGUSON, Judge:

Tried before a general court-martial convened at Travis Air Force Base, California, the accused was convicted of nineteen specifications of willfully concealing public records, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934, and two specifications of wrongfully altering public records, in violation of the same Article. He was sentenced to bad-conduct discharge, forfeiture of three-fourths of all pay and allowances, and confinement at hard labor for five years. The findings of guilty regarding the alteration of public records were set aside by the convening authority, who also appropriately modified the sentence. The board of review affirmed, and we granted accused's petition for review on the issue whether the evidence established a *corpus delicti* for the offense of willful and unlawful concealment of a public record and, if not, what crime, if any, was established by the proof *aliunde* accused's confession.

### I

At the outset, we note our conclusion that the evidence either makes out the offenses alleged or the case ▮▮▮▮▮▮▮▮ must fall. The defense asserts, and correctly we think, that no lesser included offense is made out by the pleading and proof as an alternative to that charged. In reply, the Government points only to a violation of 18 USC § 2071, punishing the concealment, removal, or mutilation of public records. But that is essentially what is charged here, as a violation of Code, supra, Article 134. Indeed, it appears the willful and wrongful concealment of public records, in violation of Code, supra, Article 134, "had its genesis in the United States Criminal Code," and that the crimes thus denounced by both Codes are substantially identical.

348

United States v Nees, 2 CMR (AF) 753, 754; United States v Owens, 25 CMR 596. Since no other offense is drawn to our attention as being here involved, we turn to the question whether the evidence presented is sufficient to corroborate accused's pretrial statements. It reveals the following.

When an airman applies to the Finance Officer having control over his records for a special payment, a Form 1936 must be filled out, signed by the airman, and approved by the appropriate official. This form consists of an original, carbon interleaf, and a duplicate, so that, when the original is completed, the duplicate is also automatically made out. On approval, the original Form 1936 is transmitted to the office cashier, who enters the payee's name on the daily payroll, makes the actual payment, and secures the payee's signature on the payroll as a receipt. The original Form 1936 is attached to the daily payroll as a justifying document. The payroll sheet, with these vouchers attached, is retained on file.

The duplicate copy of the Form 1936 is detached on the payment's approval and forwarded to a posting clerk, who has the duty of entering the payment on the payee's pay record.

Accused was a military pay clerk assigned to Kadena Air Force Base, Okinawa. As to each specification involved, it appears he approved payments to be made to various airmen, on the basis of Form 1936's which they had signed. The originals were forwarded on each occasion to the cashier and the specified payments made in due course. In each instance, no payment was posted to the payee's pay record.

The foregoing is the sum total of the Government's case, other than the accused's statements. From it, we are urged to infer that the accused, after approving each Form 1936 for payment, probably willfully concealed the duplicate copies. Thus, the Government would apply the classic test for corroboration which we have, on so many occasions, enunciated, i.e., that the evidence, to justify admission of a statement, must establish the probability of the commission of the offense charged by someone. United States v Smith, 13 USCMA 105, 32 CMR 105; United States v Mensch, 13 USCMA 451, 32 CMR 451; United States v Snearley, 15 USCMA 462, 35 CMR 434. But, in Snearley, supra, we pointed out that "probability is the likelihood of existence . . . [w]hen the quantum of probative evidence in favor of the existence of an alleged fact exceeds the aggregate of the evidence indicating its nonexistence, probability of the fact's existence is established."

Here, however, we are given no evidence at all as to why the payments were not posted, or what might have happened, if anything, to the duplicate copies. For aught we know, they may have, in fact, been discovered in the accused's possession; on the other hand, they may have been passed to a posting clerk who failed to carry out his duties. Indeed, they may have been misplaced, lost, filed, destroyed, or what have you. We may speculate widely as to what occurred, but such only serves to reinforce the conclusion that the evidence is clearly insufficient to establish the probability of their deliberate concealment. At least, the posting clerk could have been called to testify as to whether he received the documents.

Pointing to the fact that the duplicate copies were lost on nineteen occasions, the Government paraphrases the conclusion of an expert witness at the trial[1] and argues that this alone gives rise to a sinister inference. We cannot agree. At the most, it would allow us to infer that something— probably the same thing—had gone awry on each occasion, perhaps even in the computer utilized to record pay data. Further than that, however, one cannot logically go. There is nothing in the record to indicate the disposition of the duplicate forms after their entries were transcribed onto the pay records or what steps were taken at Kadena to transmit them from accused to the posting clerk, or anything

---

[1] "I mean, you just don't lose that much backup data for your payments."

**349**

of a similar nature. Even the Government concedes the evidence permits "three reasonable *probable* conclusions," *i.e.*, nonpreparation of the duplicates, preparation and concealment or destruction, or that "the forms were lost." In short, we fear this is but another case in which too much reliance was unfortunately placed at the trial level on the existence of a confession and not enough on the well-settled principle of its corroboration. Undoubtedly, this may have been due to the trial of the accused in the United States for a crime occurring elsewhere, but we cannot, however, excuse a failure to comply with the applicable law on that basis.

The findings of guilty are set aside. The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Air Force. The Charge and its specifications are ordered dismissed.

Judge KILDAY concurs.

QUINN, Chief Judge (concurring in the result):

My views as to the extent the independent evidence must corroborate a confession follow those of the Supreme Court of the United States and are substantially different from the majority's. See my dissents in United States v Smith, 13 USCMA 105, 32 CMR 105, and United States v Beverly, 14 USCMA 468, 34 CMR 248. I agree with the majority here because there is no independent evidence to indicate the accused probably made and destroyed the carbon interleaf. As the majority point out, one can as easily infer from the evidence that the carbon was never made, and, therefore, was never destroyed, as charged. The board of review added to the evidence of record the presumption that a public official properly performs his duty; on that basis, it presumed the accused probably prepared the duplicate in discharge of his duties. In my opinion, the presumption is inapplicable to this case. When a public official is charged with misconduct in the performance of a particular function, it is not reasonable to presume he performed the first step of the function, but willfully and deliberately omitted the necessary succeeding steps.