UNITED STATES, Appellee,

v.

Staff Sergeant Mauricio A. OGLIVIE,
075–64–4125, United States
Army, Appellant.

ACMR 8901244.

U.S. Army Court of Military Review.

14 Feb. 1990.

For Appellant: Major Peter V. Train, JAGC US AR, Captain Thomas A. Sieg, JAGC, Captain Alan M. Boyd, JAGC, Captain Robin K. Neff, JAGC, Captain Jeannine C. Hinman, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC, Major Martin D. Carpenter, JAGC, Captain Randy V. Cargill, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before FOREMAN, SMITH, and VARO, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A military judge sitting as a special court-martial convicted the appellant, in accordance with his plea of guilty, of altering a public record in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. Contrary to his pleas, the military judge also convicted the appellant of signing a false official statement (two specifications), wrongful appropriation of a copy of a divorce decree, and bigamy, in violation of Articles 107, 121 and 134, UCMJ, 10 U.S.C. §§ 907, 921 and 934 (1982). His approved sentence provides for a bad-conduct discharge, confinement for three months, and reduction to Private E1.

The appellant married his first wife, Amparo, in December 1986, while stationed in Panama. In January 1987, the appellant was reassigned from Panama to Germany, but his wife remained in Panama. While in Germany, the appellant did not know Amparo's address or telephone number, but sent letters to a friend, who passed them on to her. The appellant returned from Germany in March 1988 and was reassigned to Fort Sill, Oklahoma. In August 1988, the appellant sent his wife a money order with his telephone number written on it. The appellant filed for divorce in Oklahoma and sent a copy of the petition to a friend's post office box in Panama for delivery to his wife. In September or October 1988, Amparo called the appellant from Panama and informed him that she had filed for divorce in Panama, that there was "nothing between the two of us" and that he "didn't have to worry about her anymore." The appellant testified that he thought he was divorced at that point. In November 1988, the Red Cross notified the appellant that Amparo had been hospitalized. The Red Cross referred to Amparo as his "ex-wife." On 9 November 1988, the appellant requested that his basic allowance for quarters (BAQ) at the "with dependents" rate be terminated because he was divorced. The finance clerk told him that she could not stop the BAQ without a divorce decree. Since the appellant did not have a copy of a divorce decree, he took another sergeant's divorce decree, made a copy of it, inserted his name and Amparo's in the text (but neglected to change the caption) and attached it to his request to terminate his BAQ. In December 1988, the appellant married Jackeline, and requested that his BAQ at the "with dependents" rate be reinstated.

The appellant was charged with making two false official statements to officials of the Fort Sill finance office, first that he was divorced from Amparo (Specification 1 of Charge II) and second that he was married to Jackeline (Specification 2 of Charge II). He contends that the evidence was insufficient to prove both specifications because he honestly believed that he was divorced from Amparo.

This court specified the following issues: (1) whether creation of an altered copy of a public record without altering the original constitutes the offense of altering a public record, and (2) whether the appellant's plea of guilty to altering a public record was provident to the offense charged or any lesser included offense.

### I. False Official Statements

 Making a false official statement in violation of UCMJ, Article 107, 10 U.S.C.

§ 907 (1982), is a specific intent crime. An honest mistake of fact regarding the truth of the statement made is a defense. *United States v. Rowan*, 16 C.M.R. 4 (C.M.A. 1954); Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 916(j) [hereinafter M.C.M., 1984 and R.C.M.]; M.C.M., Part IV, para. 31c(5). The evidence establishes that Amparo told the appellant she had filed for divorce, that the appellant received correspondence from the Red Cross referring to Amparo as his "ex-wife," and that he attempted to terminate his entitlement to BAQ, on the ground that he was divorced. He then participated in a marriage ceremony and received a marriage certificate indicating that he was married to Jackeline. Based upon the entire record, we find that the defense of an honest mistake of fact was raised and not overcome by the government's evidence. R.C.M. 916(b). Accordingly, we find that the evidence is insufficient to prove appellant's guilt of making false official statements (Charge II and its two specifications).

## II. Bigamy

■ Bigamy is a general intent crime. To constitute a defense to bigamy, a mistake of fact must be both honest and reasonable. M.C.M., 1984, Part IV, para. 65c. While the appellant may have honestly believed that he was divorced from Amparo, we find that he did not take the steps which a reasonable man would have taken to determine the validity of his honest belief. *United States v. McCluskey*, 20 C.M.R. 261 (C.M.A.1955). He was not reasonable in assuming that he was divorced. *See United States v. Bateman*, 23 C.M.R. 312 (C.M.A.1957) (knowledge that wife intended to proceed with divorce proceedings insufficient); *United States v. Avery*, 9 C.M.R. 648 (A.F.B.R.1953) (reliance on attorney's prediction that divorce would occur on a given date not reasonable). Accordingly, we find that the evidence is sufficient to prove bigamy.

## III. Altering a Public Record

The offense of altering a public record in violation of UCMJ, Article 134, is based on 18 U.S.C. § 2071. The offense is committed by altering, concealing, removing, mutilating, obliterating, destroying, or taking a public record with the intent to do any of the foregoing. M.C.M., 1984, Part IV, para. 99b. A public record is defined as including "records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to which there was a duty to report." M.C.M., 1984, Part IV, para. 99c. The offense of altering a public record in violation of Article 134 is "substantially identical" with the crime denounced by 18 U.S.C. § 2071. *United States v. Spain*, 38 C.M.R. 145 (C.M.A.1968). The purpose of 18 U.S.C. § 2071 is to "prevent any conduct which deprives the government of the use of its documents, be it by concealment, destruction, or removal." *United States v. Rosner*, 352 F.Supp. 915, 919 (S.D.N.Y. 1972), *petition denied*, 497 F.2d 919 (2d Cir.1974).

■ The government argues that the UCMJ, Article 134 offense is broader than 18 U.S.C. § 2071 and that it encompasses alteration of an unofficial copy of a public record because the Manual for Courts–Martial definition of a public record includes the words "in any form," which are not found in 18 U.S.C. § 2071. We disagree. The UCMJ, Article 134 offense is broader than 18 U.S.C. § 2071 only in that it specifically proscribes "altering" public records. *United States v. Maze*, 42 C.M.R. 376, 379 (A.C.M.R.1970). The term "altering" does not appear in 18 U.S.C. § 2071. The words "in any form" are taken from Mil.R.Evid. 803. M.C.M., 1984, Article 134, Analysis, app. 21, at A21–103. This language also appears in Federal Rule of Evidence 803 [hereinafter Fed.R.Evid.], and is intended to include public records other than paper documents, *e.g.*, microfiche, videotapes, computer tapes and disks. *See e.g., Oriental Health Spa v. City of Fort Wayne*, 864 F.2d 486, 490 (7th Cir.1988) (videotape admissible as an official public record under Fed.R.Evid. 803(8)); *State ex rel. Harmon v. Bender*, 25 Ohio St.3d 15, 494 N.E.2d

1135, 1136 (1986) (videotapes of trial proceedings are public records). In the case before us the appellant created and altered an unofficial, unauthenticated photocopy of a public record, but did not disturb the integrity of the public record itself. We hold that the unofficial, unauthenticated photocopy altered by the appellant was not a public record.

On the facts before us, we need not decide whether altering an authenticated copy of a public record would be a violation of UCMJ, Article 134. While intentional introduction of the altered unauthenticated photocopy into government channels may have violated another proscription, e.g., UCMJ, Article 132, 10 U.S.C. § 932 or 18 U.S.C. § 1001, it did not constitute the crime of altering a public record in violation of UCMJ, Article 134, or any lesser included offense. Accordingly, we hold that the appellant's plea of guilty to altering a public record in violation of UCMJ, Article 134 was improvident.

The findings of guilty of Charge II and its two Specifications (false official statements), and Specification 2 of Charge IV (altering a public record) are set aside. Charge II and its two Specifications, and Specification 2 of Charge IV are dismissed. The remaining findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Judge SMITH and Judge VARO concur.