**UNITED STATES**

v.

**Katheryn E. OSBORN, 411 11 1937, Electronics Technician Third Class (E–4), U.S. Navy.**

**NMCM 90 0324.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 4 Oct. 1989.

Decided 15 Feb. 1991.

advocate recommendation on appellant. Even assuming that, we find appellant has not been prejudiced.

LCDR P. McNeill Jones, JAGC, USN, Appellate Defense Counsel.

LT Debra R. Sandifer, JAGC, USNR, Appellate Defense Counsel.

Maj Rose M. Favors, USMC, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and ORR, JJ.

PER CURIAM:

At a special court-martial composed of a military judge alone, appellant pled guilty to altering a public record in violation of Article 134, Uniform Code of Military Justice (UCMJ), and pled not guilty to the remaining offenses. The military judge accepted appellant's guilty plea and, after a trial on the merits, also found appellant guilty of larceny of a check and larceny of $650.00 in violation of Article 121, UCMJ, and of solicitation in violation of Article 134, UCMJ. A fifth offense was dismissed by the military judge as being multiplicious for findings with the larceny offenses. The convening authority approved the findings of guilty and the adjudged sentence consisting of 30 days confinement, forfeiture of $250.00 pay per month for a period of 2 months, reduction to E–1, and a bad-conduct discharge.

On appeal appellant has raised the following issue:

THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S PLEA OF GUILTY TO ALTERING A PUBLIC RECORD. THE FACTS WHICH THE MILITARY JUDGE ELICITED DURING PROVIDENCY INDICATE THAT THE DOCUMENT WHICH APPELLANT ALTERED WAS NOT A "PUBLIC RECORD." THEREFORE, APPELLANT'S PLEA OF GUILTY TO SPECIFICATION 1 OF CHARGE III WAS IMPROVIDENT.

The facts elicited during the providence inquiry establish that appellant altered the date on her "official copy" of a divorce decree obtained from the Clerk of the Circuit Court in Shelby County, Tennessee. Appellant asserted that she placed the altered document in her service record not to defraud the Government but to correct the false information she had provided to the Navy when she enlisted. The record of trial fails to establish whether the term "official copy", as used during the providence inquiry, was intended by the military judge and the appellant to mean an authenticated or true copy that bore a stamp or seal of the county clerk. Nevertheless, for purposes of this appeal, we will assume the facts in a light most favorable to the Government that the term "official copy" was intended to mean an authenticated or true copy.

The elements of altering a public record as found in Article 134 are:

(1) That the accused altered, concealed, removed, mutilated, obliterated, destroyed, or took with the intent to alter, conceal, remove, mutilate, obliterate, or destroy, a certain public record;

(2) That the act of the accused was willful and unlawful; and

(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Para. 99b, Part IV, Manual for Courts–Martial, United States, 1984. To provide guidance as to what documents are to be considered "public documents", the following explanation is provided:

"Public records" include records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to which matters there was a duty to report. "Public records" includes classified matters.

Para. 99c, Part IV, Manual for Courts–Martial, United States, 1984.

The issue of whether the altering of an official copy of a public record violates

Article 134 has not been previously addressed by military appellate courts. In *United States v. Oglivie*, 29 M.J. 1069 (A.C.M.R.1990), the Army Court specifically stated that it was not deciding whether the altering of an authenticated copy, vice an unauthenticated copy, of a public record violated Article 134. Even though the holding of *Oglivie* that the altering of an unauthenticated copy of a public record does not violate Article 134 is factually limited, the legal reasoning employed by the Army Court is important in deciding the issue before us.

We begin by noting, as did the Court in *Oglivie*, that Article 134 is based upon and substantially identical with 18 U.S.C. § 2071,[1] which is designed to "prevent any conduct which deprives the government of the use of its documents." *Oglivie* at 1071, citing *United States v. Rosner*, 352 F.Supp. 915 (S.D.N.Y.1972). As to what documents constitute a "public record" for purposes of Article 134,[2] the Court in *Oglivie* rejected the Government's contention that the phrase "in any form", as used in the Manual for Courts–Martial and which does not appear in the Title 18 enactment, broadens the definition of a public record to include an unofficial copy of a public record. Instead, the Army Court found that the phrase "in any form" was intended to cover public documents other than just paper documents, such as microfiche, videotapes, and computer tapes and disks, in the same way as does Military Rule of Evidence 803(8).[3]

In deciding that the definition of a public record as used in Article 134 does not include an unauthenticated copy of a public

record, the Court in *Oglivie* also examined the evil at which the statute was directed. The Army Court noted that since the purpose of Article 134 and 18 U.S.C. § 2071 is to "prevent any conduct which deprives the government of the use of its documents" an accused must disturb the integrity of the public record itself in order to violate Article 134. *Oglivie* at 1072.

In applying the holding and legal reasoning of *Oglivie* to the case at bar, it is clear that appellant's actions did not disturb the integrity of the divorce decree on file with the County Clerk of Shelby County, Tennessee, so as to deprive the State of Tennessee of the use of its document. Instead, appellant merely altered her copy of a public record. While appellant may have committed another offense by using or entering the altered copy in her service record, she did not commit the charged offense because at no time did she alter a public record as the Government alleged in the specification.

We are cognizant that official copies of public records are normally treated as the originals in conducting daily business, and we, therefore, do not condone appellant's actions. To make criminal her actions, however, would require us to define the term "public record" as used in Article 134 differently for each of the different criminal acts described. Article 134 makes criminal the altering, concealing, removing, mutilating, obliterating, or destroying of a public record. It is beyond argument that appellant could have concealed, removed, mutilated, obliterated, and even destroyed her official copy of the divorce decree and not have committed an offense. Accord-

---

1. 18 U.S.C. § 2071(a) makes it criminal for anyone to conceal, remove, mutilate, obliterate, or destroy, or attempt to do so, or, with intent to do so take and carry away a public record. 18 U.S.C. § 2071(b) makes it criminal for anyone with the custody of a public record to conceal, remove, mutilate, obliterate, falsify, or destroy any such record.

2. This issue would not arise in a prosecution under 18 U.S.C. § 2071 because a "public record" is defined as "any record, proceeding, map, book, paper, document, or other thing filed, or deposited with any clerk or officer of any court of the United States, or in any public

office, or with any judicial or public officer of the United States." Accordingly, a copy, whether authenticated or unauthenticated would not fall within this definition.

3. Mil.R.Evid. 803(8) contains the public records and reports exception to the general rule that hearsay is not admissible in a court-martial. This rule of evidence does not broaden the scope of the term public record to include official copies. Even though the contents of public records can be proven by a certified or attested copy, Mil.R.Evid. 1005, a "duplicate" and the "original" are not considered the same document, Mil.R.Evid. 1001(3) and (4).

ingly, appellant did not violate Article 134 when she altered a document which she could have concealed, removed, mutilated, obliterated or destroyed with impunity. We are bound at least by logic to interpret the term "public record" as used in Article 134 in a manner that is internally consistent.

The finding of guilty to Specification 1 of Charge III is hereby dismissed. The remaining findings of guilty are affirmed. Upon reassessment, we note that appellant remains convicted of two larceny offenses of an amount in excess of $650.00, as well as a solicitation offense. Therefore, we are convinced that appellant would not have received a different sentence, and accordingly, we affirm the approved sentence. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

Chief Judge WILLEVER, Senior Judge STRICKLAND and Judge ORR, concur.