UNITED STATES, Appellee,

v.

Staff Sergeant Timothy J. McCOY,
United States Army,
Appellant.

ARMY 9601331.

U.S. Army Court of Criminal Appeals.

23 Dec. 1997.

For Appellant: Major Michael E. Hatch, JA; Captain T. Michael Guiffre, JA (on brief).

For Appellee: Colonel Joseph E. Ross, JA; Lieutenant Colonel Frederic L. Borch III, JA; Captain Chris A. Wendelbo, JA; Captain Arthur J. Coulter, JA (on brief).

Before TOOMEY, TRANT, and CARTER, Appellate Military Judges.

## OPINION OF THE COURT

CARTER, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of absence without leave terminated by apprehension; making a false official statement (five specifications); wearing unauthorized insignia, badges, or devices (four specifications); impersonating a commissioned officer; and altering a public record (two specifications) in violation of Articles 86, 107, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 907, and 934 (1988) [hereinafter UCMJ]. The approved sentence consists of a bad-conduct discharge, forfeiture of all pay and allowances, confinement for one year, and reduction to the grade of Private E1. This case is before the court for automatic review under Article 66, UCMJ.

Appellant asserts that his pleas of guilty to the two specifications of altering a public record are improvident because the record does not establish that the altered documents were public records. We agree.

## FACTS

While serving as an instructor of lieutenants at the U.S. Army Infantry School, appellant regularly wore four unearned items on his battle dress uniform: a ranger tab, a special forces tab, a scuba diver badge, and a Special Operations Command combat patch. When the appellant's first sergeant questioned him about his authorization to wear these accoutrements, appellant told a series of lies and created false paperwork in an effort to conceal his misconduct. The altering public record specifications concern two of these falsified documents. First, the appellant took a blank Ranger Course Diploma and completed it to reflect his graduation from that course in 1991. Second, the appellant either completed a blank academic evaluation report,[1] or altered a copy of someone else's evaluation report, to reflect his successful completion of the Basic Noncommissioned Officers Course.[2] Appellant then gave both of these "altered" documents to his first sergeant in an effort to answer the first sergeant's questions.

## ALTERING A PUBLIC RECORD

The President recognized the offense of altering a public record under the general authority of Article 134, UCMJ. This offense was derived from a similar federal statute. *See* 18 U.S.C. § 2071(a);[3] *United States v. Spain*, 17 U.S.C.M.A. 347, 38 C.M.R. 145, 146–47, 1968 WL 5352 (1968); *United States v. Oglivie*, 29 M.J. 1069, 1071 (A.C.M.R.1990); and Manual for Courts-Martial, (United States, 1995 edition) [hereinafter MCM, 1995], app. 23, Article 134, UCMJ, analysis, at A23–20. The intent of 18 U.S.C. § 2071 is to "prevent any conduct which deprives the government of the use of its documents." *Oglivie*, 29 M.J. at 1071 (citing *United States v. Rosner*, 352 F.Supp. 915, 919 (S.D.N.Y.1972), *petition denied*, 497 F.2d 919 (2d Cir.1974)). The essence of the

---

1. Department of Army Form 1059, Service School Academic Evaluation Report.

2. During the providency inquiry, appellant stated that he had someone else alter this report for him. The stipulation of fact states that appellant altered it himself. Additionally, the record is unclear as to whether a blank form, or a copy of a real evaluation report, was altered in this specification. Based upon our disposition of the case, we need not resolve this matter.

3. 18 U.S.C. § 2071(a) provides: "Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed, or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both."

Article 134, UCMJ, offense is whether the charged misconduct disturbs the integrity of the public record itself. *See Oglivie*, 29 M.J. at 1072.

■ The elements of the military offense are:

**Public record: altering, concealing, removing, mutilating, obliterating, or destroying**

(1) That the accused altered, concealed, removed, mutilated, obliterated, destroyed, or took with the intent to alter, conceal, remove, mutilate, obliterate, or destroy a certain public record;

(2) That the act of the accused was willful and unlawful; and

(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.[4]

The term "public records," as used in this offense, is defined as "records, reports, statements, or data compilations, in any form, *of public offices or agencies*, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to which matters there was a duty to report." MCM, 1995, Part IV, para. 99(c) (emphasis added). This is generally the same definition as used in the public records exception to the hearsay rule. *See* Military Rule of Evidence 803(8) and MCM, 1995, Article 134, UCMJ, analysis, at A23–20. A blank Ranger diploma or academic evaluation report, if the academic report was blank, is not the type of document envisioned by the public record exception to the hearsay rule.

We find no reported cases under the current version of the Article 134, UCMJ, offense or 18 U.S.C. § 2071, addressing whether the completion of a blank form can constitute this offense. *But see United States v. Willison*, 36 C.M.R. 694, 696, 1966 WL 4554 (A.B.R.1966)(Blank serially prenumbered receipts of BOQ–BEQ fund, when completed in such a manner as to reflect a transaction of the fund, would become "public records" for offense of "destroying or concealing public records.") There is no evi-dence in this record of trial that the appellant ever intended, or attempted, to use these two falsified documents to change any public record, including his personnel records, concerning his participation in these Army schools. His sole purpose was to dissuade his first sergeant from pursuing the matter any further.

The language of both statutes proscribes the modification of existing public records. Appellant, on the other hand, created a new, albeit false, record but did not change any existing public records. Appellant did not intend, or attempt, to use these documents to alter the integrity of any public records concerning school attendance at these courses. Appellant's conduct simply does not constitute the offense of altering a public record.

Similarly, the alteration of a copy of someone else's academic evaluation report does not affect the integrity of Army records concerning Basic Non-commissioned Officers Course graduates unless it is accompanied by an intent, or an attempt, to actually alter the officially maintained records. *See generally United States v. Isler*, 36 M.J. 1061 (A.F.C.M.R.1993) (personal copy of permanent change of station form is not a public record); *United States v. Osborn*, 32 M.J. 854 (N.M.C.M.R.1991) (official copy of a divorce decree is not a public record); *Oglivie*, 29 M.J.at 1071–72 (unofficial copy of a divorce decree is not a public record).

Appellant's misconduct could have been charged as making false official statements. In fact, two other instances where appellant created and signed false permanent orders, reflecting his award of the special forces tab and the scuba diver badge, were charged as making false official statements. In view of the other serious offenses of which appellant was convicted, we need not decide whether his improvident plea to the altering a public record specifications would support a finding of guilty of some other closely related offense. *See generally United States v. Hubbard*, 28 M.J. 203 (C.M.A.1989) and *United States v. Epps*, 25 M.J. 319 (C.M.A.1987). The seriousness of appellant's misconduct is fully reflected in the remaining findings of

4. MCM, 1995, Part IV, para 99(b).

**656**

guilty. As a matter of judicial economy, we will dismiss both specifications of the altering a public record.

## CONCLUSION

We hold that the mere completion of a blank form indicating graduation from an Army school and presentment of that document to military officials as proof of such schooling does not constitute the offense of wrongfully altering a public record under Article 134, UCMJ, absent additional evidence of an intent, or an attempt, to use that document to alter the integrity of the official Army records of such schooling.

We have considered appellant's other assignment of error, as well as the matters he personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit. The findings of guilty of Specification 5 of Charge I and Specification 4 of Additional Charge I are set aside and those specifications are dismissed. Reassessing the sentence on the basis of the above noted errors, the entire record of trial, and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the sentence is affirmed.

Senior Judge TOOMEY and Judge TRANT concur.