# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
GLANVILLE, KERN, and MORAN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MORGAN L. PALMORE**
**United States Army, Appellant**

ARMY 20121090

Headquarters, 21st Theater Sustainment Command
R. Peter Masterton, Military Judge
Colonel Ralph J. Tremaglio, III, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Aaron R. Inkenbrandt, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna (on brief).

26 June 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of making a false official statement; one specification of wrongfully disposing of military property; one specification of using hashish, a derivative of marijuana; one specification of possessing hashish, a derivative of marijuana; and one specification of unlawfully altering a public record, in violation of Articles 107, 108, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. 907, 908, 912a, and 934 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, twelve months confinement, and reduction to Private E-1. The convening authority approved the sentence as adjudged and waived automatic forfeitures for a period of six months.

This case is before our court for review under Article 66, UCMJ. Appellant raises one assignment of error which warrants both discussion and relief. Appellant also raises one matter pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which we have considered and find is without merit.

The parties do not dispute the relevant facts. Appellant was a Petroleum Supply specialist serving on a joint combat outpost located on the border of Afghanistan and Uzbekistan. On 19 January 2012, appellant's platoon sergeant, acting on reports of fellow soldiers, found appellant in a fuel truck smoking hashish (a marijuana derivative) with a hookah. Appellant was also found in possession of 15.5 grams of hashish. Subsequent investigation revealed that from the period of approximately 15 October 2011 to 19 January 2012, appellant had been allowing the Afghan nationals who were delivering Jet Propellant 8 (JP8) fuel to withhold quantities of JP8 fuel in exchange for giving him hashish. Appellant concealed the hashish-for-fuel transactions by falsely reporting fuel delivery and fuel dispensation statistical numbers to his company Executive Officer (XO). Appellant would write the false numbers on an erasable whiteboard in the XO's office. In turn, and in reliance upon the false numbers, the XO would generate fuel procurement orders. Appellant initially lied to investigators, claiming he purchased hashish at a local bazaar, but later confessed to his actual scheme and method of drug procurement.

During the providency inquiry, the military judge presumed that the erasable whiteboard was the altered official record. Apparently counsel for the parties shared this presumption as no other theory was offered or discussed in the trial record. On appeal, appellant asserts that the erasable whiteboard is not a public record. It served as predicate data – false predicate data – which was entered by the XO on to a public record.

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding appellant's guilty plea. *Id.*

Appellant contends and the government concedes that the whiteboard is not a public record. We agree. The whiteboard in this case was intended to be written over or erased as new information became available, similar to the function of a military sick slip, i.e., it conveys information but is not a record. *United States. v. Abbey*, 63 M.J. 631, 633-34 (Army Ct. Crim. App. 2006). Whiteboards are not public records precisely because they are not intended to memorialize historical events, and the data they display is intended to be destroyed immediately after it is transmitted. *Id.*

Here, the substantial equivalency of function of a whiteboard to a sick slip is obvious. A whiteboard is intended to display data only for that period of time required for its transmission to a person or other media, just as a sick slip is

destroyed as soon as it conveys information to a unit commander about the status of a member of the command. *Id.*[*]

## CONCLUSION

The findings of guilty of Charge IV and its Specification are set aside. The remaining findings of guilty are AFFIRMED. In light of the error noted, we have applied the principles of *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013). In particular, the sentencing landscape has not changed, the remaining convictions capture the gravamen of appellant's criminal conduct, appellant was sentenced by a military judge, and we have the experience and familiarity with the remaining convictions to reassess appellant's sentence. Accordingly, the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

---

[*]See also *United States v. McCoy*, 47 M.J. 653 (Army Ct. Crim. App. 1997) (placing false information on a blank form is not the willful and unlawful alteration of an existing public record).